## No. 6711.

### STATE EX REL. J. H. RILLS VS. DAVID N. BARROW.

Where the repealing clause of a law expressly repeals certain designated sections· of the Revised Statutes, and in general terms repeals *all* laws in conflict with it, it will have the effect of repealing every previous act, identical with any one of those expressly repealed.

All laws are considered promulgated the day after their publication in the State Gazette, or in thirty days thereafter, according to locality. The act of the Legislature adopting the "Revised Statutes" of this State, was legally promulgated.

The party who alleges that a law has not been promulgated must prove it.

The decision of this court in the case of *Farrar vs. Garrett* 29 Annual 637, is hereby re-affirmed.

The failure of a district attorney *pro tem.*, who has been elected by the police jury of his parish, to qualify within the legal delay, creates a vacancy, which can only be legally filled by appointment of the Governor.

APPEAL from the Fifth Judicial District Court, parish of Iberville. *McVea*, J.

*E. B. Talbot* for plaintiff and appellee.

*George Wailes* and *Barrow & Pope* for defendant.

The opinion of the court on the original hearing was delivered by MANNING, C. J., and on the rehearing by DEBLANC, J.

MANNING, C. J. The office of district attorney *pro tempore* was created by the legislature of 1868. The enactment of that year was incorporated in the revised statutes of 1870 in four places, viz in sections 1072 *et sequentes*, and sections 1178 *et seq.*, and sections 2032 *et seq.*, where the full statute appears. The fourth place, where it is repeated in part only, is in secs. 2760—61.

An act of 1874 repealed sections 1178, 1179, 2760, and 2761 of those statutes by express mention. Its fourth section repeals all laws and parts of laws that are in conflict with it. Acts 1874, p. 81.

42

Sections 1072 and 1073 are identical with sections 1178 and 1179, and the latter being repealed by the act of 1874, the former are necessarily repealed by it also. Section 2032 is identical with sec. 2760, and sec. 2033 is identical with sec. 1179. The repealing clause of the act of 1874 affects all laws that are in conflict with it, and therefore any section of the revised statutes, and any act of the legislature prior to that revisal, that is identical with another which is expressly repealed, is itself repealed.

In Farrar v. Garrett, decided last summer at Monroe, we held that the portion of the act of 1874 which provides for the appointment of these officers by the Governor was unconstitutional because its object is not expressed in its title, and that the authority of the Governor to appoint is derived from his general power to fill vacancies. But it is contended by the respondent that we were in error, in stating in the opinion read in that case, that the term of office of a district attorney *pro tem.* is conterminous with that of the district attorney, because he says the sections which are repealed are the only sections wherein the tenure of the office is mentioned. The error is the respondent's, and not ours. Section 2033 expressly makes that provision for the term of this officer.

It is also urged that the Act of 1874 which repeals certain sections of the Revised Statutes of 1870, had nothing to operate on, because the book, known to us by that name, is not law, and we are seriously asked to declare that the Revisal of that year is not a statute of binding force as law, because it was never promulgated. It is questionable whether more good or harm would ensue from such judicial declaration. The confusion of our law produced by the adoption of that book, as an Act, is very well illustrated by the present case. But the consequences in some aspects would be too serious for us to adopt the view of the respondent upon that point unless we were imperatively required to do so.

All laws are considered promulgated the day after their publication in the State Gazette, or in thirty days thereafter, according to locality. Cooley says, "the courts will not inquire too nicely into the mode of publication. If the laws are distributed in bound volumes, in a manner and shape not substantially contrary to the statute on that subject, and by the proper authority, it will be held sufficient, notwithstanding a failure to comply with some of the directory provisions of the statute on the subject of publication." Const. Limitations, 156.

It might be answered, that the Code, in the same article in which the promulgation of laws is provided for, requires that whenever the promulgation of any law is contested, the person contesting it shall be held to prove the fact. art. 6. No proof has been tendered by the respondent here.

State ex rel. Rills vs. Barrow.

We re-affirm the decision in Farrar v. Garrett, and hold that all parts of the act of 1868, as well as all sections of the revised statutes of 1870, which are in conflict with the act of 1874, are repealed. The respondent excuses his zeal, and justifies his onslaught on the Revisal of the Statutes, by the information that the act of 1874 was passed specially to effect his removal. If this be true, our regrets that the State loses so efficient an officer will be enhanced by the fact that our duty, as we interpret it, requires us to give effect to an enactment which terminates the respondent's tenure of office sooner than is desirable in the interests of the public.

Judgment affirmed.

---

DeBlanc, J. Plaintiff and defendant claim to be—the first, under a commission from the Governor—the other, under an appointment from the Police Jury, the district attorney *pro tempore* of the parish of Iberville.

The evidence shows that defendant was twice appointed to that office by the police jury—on the 11th of November 1872 and on the 29th of November 1876. On the 27th of said month, two days before defendant's last appointment, J. H. Rills had been—by the same body, appointed to the very same office. His appointment was rescinded forty eight hours after it was made and followed by that of his competitor.

The cancellation of Rills' appointment was unauthorized. If otherwise, the cause which induced the police jury to revoke it, is not disclosed in either the resolution by which it was attempted, the pleadings or the evidence; and—inasmuch as that body could not arbitrarily destroy the accomplished effect of their own action, we are compelled to presume that, on the 29th of November 1876, when defendant was appointed, there was no vacancy in the office. If Rills qualified under his appointment by the police jury, he was and has not ceased to be the incumbent, and this, for the reasons urged by defendant why we should—under a similar, but subsequent appointment, recognize his right to the disputed office. If, within the delay prescribed by law, Rills did not qualify as the appointee of the police jury, there certainly was a vacancy in the office, when—on the 10th of February 1877, he qualified under the Governor's commission of the 31st of January.

In his answer, defendant admits that the term of his office expired in November 1876, and his own evidence shows that the title he claims is based on a re-election which, necessarily, occurred during the acknowledged vacancy, and which might avail him, had it not been preceded by the relator's election.

This view renders useless the discussion of the other questions raised in the parties' arguments. The first and admitted vacancy, that which happened by the expiration of defendant's term, was filled by Rills' appointment, and if—by his failure to qualify—there happened a posterior, a second vacancy, it stands filled by the Governor's commission.

Rev. Statutes of 1870, Section 1577.

It is, therefore, ordered that our former decree remain undisturbed.