## TAFT MERCANTILE CO. v. BLOUIN CO., LTD.

____

(April 27, 1925. Motion to Dismiss Denied.)
(May 9, 1927. Opinion and Decree.)
(October 3, 1927. Opinion and Decree on Rehearing.)

____

*(Syllabus by the Court)*

### ON MOTION TO DISMISS APPEAL

1. **Louisiana Digest—Appeal—Par. 222, 224, 361.**

Where the interest of plaintiff has been divested by seizure or other means, a party appealing from a judgment on a rule taken in the same proceeding to which rule plaintiff was not a party need not cause citation of appeal to be served on plaintiff.

2. **Louisiana Digest—Appeal—Par. 320, 326.**

Where no appeal was taken from a judgment refusing to dismiss an appeal upon motion filed in the trial court upon the ground that the bond was deficient, the question of the sufficiency of the bond will not be considered by the appellate court.

### ON THE MERITS

3. **Louisiana Digest—Attorneys—Par. 64.**

Where litigation, which lasted over five years, was involved and difficult, and where the defendant had contracted to pay fifty per cent of the judgment (amounting at present to twenty-six hundred [$2600.00] dollars) as attorney's fees, the contract will be enforced and the equivalent of that amount will be fixed as a reasonable fee.

Appeal from the Twenty-fourth Judicial District Court, Parish of St. Charles. Hon. L. Robert Rivarde, Judge.

Action by Taft Mercantile Company against L. A. Blouin Co., Ltd.

There was judgment for plaintiff and defendant appealed.

Judgment amended.

Robert J. Perkins, of New Orleans, attorney for plaintiff, appellee.

C. A. Buchler, of New Orleans, attorney for defendant, appellant.

WESTERFIELD, J.  The motion to dismiss the appeal is based upon the contention that the Taft Mercantile Co. was not served with citation of appeal and upon the further ground that the amount of the bond was insufficient.  The appeal was taken by petition and if the Taft Mercantile Company was interested in maintaining the judgment appealed from it should have been cited.  But the appeal is taken from a judgment on a rule to which the Taft Mercantile Company was not a party, though the original plaintiff in these proceedings.  The plaintiff in rule, an attorney-at-law, Mr. Robert J. Perkins, filed a motion herein in his own name in which the court was asked to order the clerk of court to pay to mover a certain amount of money alleged to be due him out of certain funds then in the possession of the clerk.  How the funds originated and why the plaintiff in the original proceedings was not made a party to the rule involve useless discussion of complicated litigation.  We shall only observe that the interest of plaintiff in this suit had been seized and sold by creditors under writs of fieri facias and completely divested at the time this rule was taken and judgment thereon rendered.

Consequently, the Taft Mercantile Company was without interest in the judgment on the rule from which this appeal was taken and there was no necessity to serve it with citation of appeal.  Katz & Barnett vs. Sorsby, 34 La. Ann. 590.

As to the second ground urged for dismissal, the insufficiency of the appeal bond, this contention formed the basis of a motion to dismiss filed in the lower court and no appeal has been taken from the judgment denying the motion to dismiss.  Under the circumstances, we will not review the judgment.

Our conclusion is that the motion to dismiss must be and it is denied.

Motion to dismiss appeal denied.

---

## ON THE MERITS

JONES, J.  This case was consolidated in this court for purposes of argument with Milliken & Farwell vs. Taft Mercantile Company, No. 9998 of this docket, as the issues in the two cases are closely related and the parties litigant practically the same.

The question involved here is the amount of the fee to be allowed R. J. Perkins as attorney for the Taft Mercantile Company in this case.

Perkins alleges that he had obtained judgment for one thousand nine hundred forty-four and 88-100 ($1944.88) dollars with five per cent interest from November 18, 1918, and all costs, and that he had a contract for fifty per cent of the judgment as attorney's fee and that said contract had been recorded in St. Charles parish; that the Southern Surety Company had signed a bond for two thousand ($2000.00) dollars to release the sequestration; that execution had issued against L. A. Blouin & Company without result; that the entire judgment had been seized by the Henry Lochte Company and all the judgment but the attorney's fee had been seized by Milliken & Farwell.

He prayed that the surety company be ordered to show cause why that part of

the judgment belonging to him should not be paid to him. The surety company filed an exception of prematurity. L. A. Blouin excepted on the ground that they had not been made parties and had not been served.

On October 29, 1924, Judge Edrington gave judgment as prayed for.

On October 31, 1924, a motion for a new trial was granted and by consent of all parties the surety company deposited in the registry of the court the sum of fifteen hundred ($1500.00) dollars.

On December 23, the Blouin Company answered, denying the validity of the fifty per cent contract and asking that a reasonable fee be fixed on a quantum meruit.

On December 30, 1924, Judge Rivarde gave judgment for a fee of nine hundred ($900.00) dollars in addition to the amount already received of approximately one hundred ($100.00) dollars, and the clerk of the court was ordered to pay that amount out of the funds in his hands.

From that judgment Blouin & Company took a suspensive appeal and the Taft Company and Perkins have answered the appeal, asking for the equivalent of fifty per cent of the judgments, say one thousand and three hundred ($1300.00) dollars, less the hundred dollars already paid.

In the judgment handed down this day in the case of Milliken & Farwell vs. Taft Mercantile Company, No. 9998 of this court, it has been decided that appellant, L. Blouin & Company had no privilege on the proceeds of the sale of the judgment in this case. That decision necessarily deprives appellants of all interest in the question involved here because, if it has no interest in the judgment, necessarily it can have no interest in the amount due out of that judgment for attorney's fees.

As the record shows that Perkins had a contract with the Taft Mercantile Company for fifty per cent of the judgment as his fee and as the record also shows that the litigation, which was carried on for over five years, was involved and difficult, we think the amount claimed is reasonable.

For the above reasons the judgment appealed from is amended, and it is now ordered, adjudged and decreed that the fee of Robert J. Perkins, attorney for plaintiff in this case, be fixed at twelve hundred ($1200.00) dollars, and the clerk of the court of St. Charles parish is hereby ordered to pay the said amount out of the money in his possession to Robert J. Perkins.

It is further ordered that the defendant pay all costs of these proceedings.

———

## ON REHEARING

CLAIBORNE, J. As attorney for plaintiff in this suit, on April 30, 1924, Robert J. Perkins, after a laborious trial, obtained a judgment against L. A. Blouin Co., Ltd., for $1944.88 with five per cent per annum interest from November 16, 1918, till paid.

The petition in that case was attested by George Lorio, president of the Taft Mercantile Co., who swore that he was authorized to bring the suit.

The suit was accompanied by a sequestration which was released on a bond of $2000 signed by the Southern Surety Co.

On October 2, 1924, Attorney Robert J. Perkins took a rule on the Southern Surety Co., on Henry Lochte, and on Milliken & Farwell in which he alleged that he was the owner of fifty per cent of the above judgment under a contract for attorney's fees with the Taft Mer-

cantile Co.; that the defendant, Blouin, owned no property; that Lochte & Co. and Milliken & Farwell had seized the judgment; and he prayed to be paid that portion of the judgment belonging to him, with privilege according to Act 124 of 1906, p. 210.

By judgment rendered October 29, 1924, the rule was made absolute.

On December 23, 1924, by consent of all parties, Robert J. Perkins withdrew his rule, and it was agreed that the surety, the Southern Surety Company, should deposit in court fifteen hundred dollars, said sum to remain in the registry of the court until it was finally adjudged who was entitled thereto, said deposit to release the surety company from all further liability.

On July 8, 1924, George Lorio, president, and Robert J. Perkins joined in the following statement of the agreement between them as to the attorney's fees. They stated that an amount of about $12,000 was claimed by the Taft Co. from the Blouin Co. for cane sold and delivered; that the Blouin Co. denied owing a part of said amount; that George Lorio, president and manager of the Taft Co., employed Robert J. Perkins to collect said claim as he was authorized to do by the by-laws of the company; that through the efforts of said Perkins the Blouin Co. paid an amount exceeding $10,000, leaving an amount contested by Blouin of $1944.88; that no agreement had been made concerning the fee to be paid to Perkins for his services; but it was understood that the said Perkins would retain his fee for the whole claim out of the amount recovered from the amount contested and sued for, "and it was agreed that said Perkins have and recover as his fee for the whole claim one-half of whatever amount is recovered, or for whatever amount judgment is obtained against said Blouin Co. as his fee for professional services in said claims, and that he is authorized to retain one-half of any amount or amounts collected as a result of his said professional services",

L. A. Blouin answered said rule, admitting the judgment in favor of Taft Co. for $1994.88 admitting the bond and the deposit of $1500 by the surety company, admitting the sale of the Lochte judgment to Blouin & Co., and the sale of the Taft judgment to Blouin. Blouin denied all the other allegations of the rule and specially denied that Perkins was entitled to more than a quantum meruit for the reason that Lorio had no right to make the contract alleged for attorney's fees in the name of the Taft Company.

There was judgment in favor of Perkins for $900 in addition to the $100 already received by him from the Canal Bank and ordering the clerk to pay said sum to him out of the money deposited. From this judgment the Blouin Co. has appealed.

Perkins has answered the appeal by praying for judgment "for the equivalent of fifty per cent of the amount of the judgment, say one thousand three hundred dollars, less $100 received from the Canal Bank".

Our original decree amended the judgment of the District Court by increasing it to $1200.

From this judgment Blouin & Co. asked for a rehearing and charge the following errors in the opinion:

1st. That there was no contract for a fifty per cent attorney's fee.

The agreement to that effect is in the record and copied in part hereinabove. Robert J. Perkins swears to it. But Blouin contends that Lorio, the president of the Taft Co., had no right to make that contract.

Lorio had the right to employ an attorney; that cannot be denied, as the validity of the Taft judgment depends upon that authority, and Blouin & Co. have asserted it by buying the judgment. If Lorio had authority to employ an attorney he had authority to fix his fee. 1 L. D. 71, No. 20; Clay vs. Ballard, 9 Rob. 308; Buck & Beauchamp vs. Blair & Buck, 36 La. Ann. 21.

2nd. That this court is in error in holding that a fee of $1300 is a reasonable fee on an original claim of $1944, said fee being clearly excessive.

We do not understand this proposition as stating the case correctly. We understand that the claim originally put in the hands of Perkins was some $12,000, that the Blouin Co. admitted $10,000, which they paid after demand made by Perkins; that they denied the claim of $1944 for which Perkins subsequently obtained judgment after a long trial. Upon this judgment the surety company had paid $1500 after suit by Perkins and the Blouin Co. themselves have purchased it for $1005, and the Canal Bank has paid $130, making a total of $2635.

The judgment of $1944 bears five per cent per annum interest from November 16, 1918; our judgment was rendered May 9, 1927, making more than eight years' interest. If Perkins is entitled to a fee, and if his fee has been fixed at fifty per cent, as the evidence shows it has been, then the original judgment on the date of our decree bore forty-two per cent interest, or $816, making a total of $2760, one-half of which is $1330, a sum larger than that allowed by us.

We are not of the opinion that a fee of $1300 under the conditions explained above was excessive, especially if we consider that it was to be due only after judgment and collection.

It is therefore ordered that our original decree remain undisturbed.