**MADONIA v. MEYER & WETMORE**

(June 18, 1928. Opinion and Decree.)
(July 7, 1928. Rehearing Refused.)
(October 3, 1928. Writ of Certiorari and Review denied by Supreme Court.)

F. S. Weis, F. P. Burns and Sol Weiss, of New Orleans, attorneys for plaintiff, appellant.

Theo. Cotonio, of New Orleans, attorney for intervenor; W. O. Hart, of New Orleans, attorney for Civil Sheriff.

Lazarus, Michel and Lazarus, and M. C. Scharff, of New Orleans, attorneys for defendant, appellee.

OPINION

WESTERFIELD, J. Theodore Cotonio, Leopold Welsh, trustee in bankruptcy of Charles Wetmore and U. Koen & Co., Inc., each claim a privilege on a sum of money in the hands of the Civil Sheriff for the Parish of Orleans amounting to $944.15. The claim of Welsh and that of U. Koen & Co., Inc., would absorb the entire fund. Cotonio claims $534.00, $85.00 of which is court costs and the remainder attorneys' fees. U. Koen & Co., Inc., the owner of the premises No. 112 St. Charles Street leased the same to Jos. Madonia, who, with the owners' permission, sub-leased to the Midget Shirt Shop, operated by

Charles Wetmore, though his lease with Madonia was in the name of Meyer & Wetmore. A petition in involuntary bankruptcy was filed against Wetmore in the United States District Court on December 29, 1921, and he was subsequently adjudged a bankrupt and Leopold Welsh appointed trustee. On the same day, Madonia, through his attorney, Theodore Cotonio, obtained a provisional seizure of the contents of the leased premises, claiming $1340.00 as rent, and the Sheriff on January 23, 1922, sold the contents of the Midget Shirt Shop, and realized the sum in contest here.

On May 2nd, U. Koen & Co., Ltd., provisionally seized Madonia, alleging that there was $6750.00 due by Madonia as rent. An attempt was made by Madonia's trustee, Leopold Welsh, to have the funds in the Sheriff's hands turned over to him by proceedings in the United States District Court, but he was directed to assert his claim in the State Court and in due time filed an intervention in Madonia vs. Meyer & Wetmore, the original proceeding in which the fund was created. A judgment creditor seized Madonia's interest in the litigation and by Sheriff's sale on June 30, 1922, Leopold Welsh, Wetmore's trustee, being authorized so to do, purchased Madonia's interest. Madonia thereafter ceases to be a factor. Theodore Cotonio intervenes in Madonia vs. Wetmore and U. Koen & Co., also.

Mr. Cotonio's claim rests upon Sec. 128 of the Revised Statutes, which gives to attorneys a special privilege "for the amount of their professional fees on all judgments obtained by them to rank as first privilege thereon." This law protects attorneys in their fees by giving a privilege on "all judgments obtained by them." There was no judgment obtained by Mr. Cotonio, and consequently no privilege. As to the costs advanced his client it was an unfortunate loan, but we know of no privilege to which it is entitled.

U. Koen & Co. claim the proceeds as landlord and we are referred to a number of authorities holding statutory liens created under state laws entitled to recognition in bankruptcy.

Yeatman vs. Savings Inst., 95 U. S. 764, 24 L. Ed. 589; York Mfg. Co. vs. Cassell, 201 U. S. 352, 26 S. Ct. 481, 50 L. Ed. 782; In re Glenn (C. C. A.) 237 Fed. 808; Collier on Bankruptcy, 11th Ed. 1054.

But there was no lien, or privilege, on the proceeds of the sale of the stock of the Midget Shirt Shop under the laws of Louisiana so far as we are advised. A landlord has a lien on the contents of the leased premises while on the premises and for fifteen days thereafter R. C. C. Arts. 2705, (2675), (2709). He also has a privilege on the movables of the under tenant to the extent of rent owed by the under tenant. Robertson vs. Lebermuth, 132 La. 330. But the property once on the leased premises had been sold and converted into cash months before the landlord provisionally ·seized for his rent, or intervened in the proceeding by which its tenant seized the sub-tenant. U. Koen & Co. intervened August 1, 1922, more than three months after Madonia's interest had been seized, by his judgment creditor, and more than two months after Welsh had acquired Madonia's interest in the Sheriff's sale. We know of no lien, or privilege, the landlord enjoyed . in relation to these proceeds under the circumstances.

Madonia's trustee claims the fund upon the grounds, first, as trustee and secondly, as purchaser of Madonia's interest in the litigation at the Sheriff's sale. The Bankruptcy Act provides (Sec. 70 a. 5, 11 U. S. C. A. Sec. 110 (a) 5), that the title to the possessions of the bankrupt passes to the trustee as to "all property which prior to the filing of the petition the

bankrupt could by any means have transferred or which might have been levied upon and sold under judicial process against him." The title of the trustee relates back to the filing of the petition. Baily vs. Baker Ice Machine Company, 239 U. S. 268, 36 S. Ct. 50, 60 L. Ed. 275. See, also, Collier, p. 1127 et seq.; In re Larkey (D. C.) 214 F. 867, 32 A. B. R. 287. Of course, the trustee takes only such interest as the bankrupt had subject to all incumbrances. Blank vs. Blank, 124 La. 832, 50 So. 745. The bankruptcy of a debtor does not discharge a pre-existing landlord's lien. Henderson vs. Mayer, 225 U. S. 631, 32 S. Ct. 699, 56 L. Ed. 1233.

At the time of the filing of the bankruptcy proceedings the landlord had not asserted his lien. He made no effort to do so until the merchandise had been sold at the instance of Madonia. If he had acted prior to the removal of the property from the leased premises either before or after bankruptcy, a different case would be presented. But he remained inactive and lost whatever claim he might have had upon the proceeds.

The funds in the Sheriff's hands are therefore either the property of Madonia or of Welsh as trustee for Wetmore's creditors. Madonia's interest, though unliquidated by judgment, has been divested by Welsh and he must be recognized as entitled to the money.

For the reasons assigned the judgment appealed from is reversed and it is now ordered that the intervention of Theodore Cotonio and of U. Koen & Co., Inc., be dismissed and that there be judgment directing the Civil Sheriff of the Parish of Orleans to deliver to Leopold Welsh, trustee of the bankrupt, Charles Wetmore, the sum of $944.15, the proceeds of the sale of the stock of goods belonging to the said Charles Wetmore sold under orders of court in these proceedings.