## PIAZZA v. MacDONALD et al. (O'NEAL, Intervener).

### No. 14772.

Court of Appeal of Louisiana. Orleans.
April 23, 1934.

George Piazza, of New Orleans, for appellant.

Claude W. Duke, of New Orleans, for appellee intervener.

JANVIER, Judge.

Vincent Piazza is the owner and operator of an automobile truck. Mrs. Ruth MacDonald and E. B. MacDonald owned and operated

a business known as "Interstate Freight Line." Piazza and the MacDonalds entered into a contract under which Piazza undertook to transport in his truck such freight as might be intrusted to him by the MacDonalds, the freight money to be collected by the Mac-Donalds and divided between them and Piazza on an agreed basis. The MacDonalds became indebted to Piazza in the sum of $156.03, and, upon their failure to pay, Piazza obtained judgment against them for this amount and caused a writ of fieri facias to issue. In connection with the said writ he provoked the issuance of garnishment proceedings and named the H. G. Hill Stores, Inc., as garnishee. In the interrogatories propounded, the garnishee was requested to state whether it was indebted to Mr. and Mrs. MacDonald. Such indebtedness was denied by the garnishee, and, thereafter, a second garnishment was entered and again interrogatories were propounded to the H. G. Hill Stores, Inc., and the garnishee was requested to state whether or not it was indebted unto Mr. and Mrs. MacDonald, "doing business under the name of Interstate Freight Line." The garnishee admitted the indebtedness "unto Interstate Freight Line in the sum of $125.18," but asserted that it "does not know whether Interstate Freight Line is owned by an individual, or is a co-partnership, joint stock company or corporation, nor does respondent know who compose the same."

Shortly thereafter A. D. O'Neal intervened and claimed that any amount owed by the H. G. Hill Stores, Inc., to Interstate Freight Line was due to him because of his purchase prior to the accrual of the indebtedness of the business known as Interstate Freight Line.

In answer to the intervention of O'Neal, Piazza asserts that the so-called sale by which O'Neal is alleged to have bought the said business was a simulation and not a real transaction, and that its purpose was to prevent the seizure of the funds in the hands of the garnishee.

In the court below there was judgment in favor of O'Neal dismissing Piazza's claim and decreeing the funds in the hands of the garnishee to be the property of O'Neal. Piazza has appealed.

■■ As evidencing the bad faith of O'Neal and as proving that the so-called sale was a simulation, Piazza calls attention to the fact that in the original suit against Mr. and Mrs. MacDonald, in which suit he obtained judgment, O'Neal represented them as attorney and signed the answer which was filed by them. It is argued that, since O'Neal was thus familiar with the fact that the Mac-Donalds were not able to pay their just debts, he would not have been willing to really purchase their business from them.

Piazza also attempted to prove that on one or two occasions prior to that complained of the business conducted by the MacDonalds had been transferred by them to another corporation for the sole purpose of defeating the claims of creditors, and he also points to the fact that, after the alleged sale, Mrs. Mac-Donald continued to some extent to operate the said business.

O'Neal's answer to the charge that he filed the answer on behalf of Mr. and Mrs. Mac-Donald to the original suit by Piazza is that, although his name appears as the attorney, it was not signed by him, but by his office associate, and that at the time he was away and did not know that such a suit had been filed, and that he did not learn of it until he had actually made the purchase of the business from the MacDonalds.

The evidence as to the prior occasions on which the MacDonalds had transferred their property is not sufficient, in our judgment, to overcome the presumption of good faith which attaches to a sale and which presumption must be overcome by the parties attacking the sale.

That Mrs. MacDonald continued to some extent to operate the business is explained by O'Neal, who states that Mrs. MacDonald was employed by him at a salary of $15 per week and retained no part of the title to the business.

The indebtedness of the H. G. Hill Stores, Inc., represented charges made by the Interstate Freight Line after acquisition by O'Neal, and, if the transaction by which he acquired the business was bona fide, there is no reason why the earnings of that business after the transfer should be seized to pay debts of the prior owners.

We see no reason to disturb the finding of our brother below, and it is therefore ordered, adjudged, and decreed that the judgment appealed from be, and it is, affirmed.

Affirmed.