## DAVIS FINANCE & SECURITIES CO., Inc.,
v. O'NEAL.
No. 16042.

Court of Appeal of Louisiana. Orleans.
April 15, 1935.

Claude W. Duke, of New Orleans, in pro. per.

Gill & Simon, of New Orleans, for appellee.

LECHE, Judge.

Claude W. Duke, appellant, represented, as attorney, A. Deutsche O'Neal, intervenor, in the case of Piazza v. MacDonald et al. in which case judgment was obtained in favor of intervenor decreeing him to be the owner of certain funds in the hands of the H. G. Hill Stores, Inc., in the sum of $125.18, this judgment being affirmed by this court in the case of Piazza v. MacDonald et al. (O'Neal, Intervener) 154 So. 71.

In the case now before us, Davis Finance & Securities Company, Inc., v. A. Deutsche O'Neal, judgment was rendered in favor of plaintiff and against A. D. O'Neal in the full sum of $275 with interest, attorney's fees, etc., on July 8, 1931, in the civil district court. Plaintiff then caused to be issued a writ of fieri facias in execution of which it also procured garnishment process, seeking to seize in the hands of H. G. Hill Stores, Inc., any funds, credits, or properties which said garnishee might have in its possession belonging to A. Deutsche O'Neal. In answer to the interrogatories, H. G. Hill Stores, Inc., admitted having in its possession the sum of $125.18 which, in the case of Piazza v. MacDonald et al., supra, was decreed to be the property of A. Deutsche O'Neal; that it had been notified by Claude W. Duke, Esq., attorney-at-law, that he claimed an attorney's lien and privilege on said money up to the sum of 50 per cent. of the amount thereof for legal services rendered by him to said A. Deutsche O'Neal in the case of Piazza v. MacDonald et al., supra.

Plaintiff, Davis Finance & Securities Company, Inc., then filed a rule ordering the said H. G. Hill Stores, Inc., and Claude W. Duke to show cause, if any they could, why the said funds amounting to the sum of $125.18, admitted to be held by the H. G. Hill Stores, Inc., and admitted to be the property of A. Deutsche O'Neal, should not be forthwith delivered and turned over to the civil sheriff for the parish of Orleans to be applied on their judgment against the said A. D. O'Neal. This rule was made absolute by the learned trial judge, and from this ruling Claude W. Duke has appealed to this court.

Sections 128 and 2897 of the Revised Statutes of 1870 are identical, and read as follows:

Section 128: "From and after the passage of this act, in addition to the privileges enumerated in Title Twenty-first of the Civil Code of this State, a special privilege is hereby granted in favor of attorneys-at-law for the amount of their professional fees on all judgments obtained by them, to take rank as a first privilege thereon."

Section 2897: "From and after the passage of this act, in addition to the privileges enumerated in title twenty-first of the Civil Code of this State, a special privilege is hereby granted in favor of attorneys-at-law for the amount of their professional fees on all judgments obtained by them, to take rank as first privilege thereon."

In the case of Luneau v. Edwards, 39 La. Ann. 876, 6 So. 24, a suit for the revindication of the possession of certain immovable property, it was held that the privilege of section 128 of the Revised Statutes of 1870 affected only the *judgment* and did not "affect property which the owner of the judgment may obtain or revindicate in execution, or by virtue of the judgment." This case was decided in 1887.

In another case involving immovable property, Mechanics' & Traders' Insurance Co. v. Levi et al., 40 La. Ann. 135, 3 So. 559, 561, the Court affirmed the ruling laid down in the Luneau Case, supra, and in construing sections 128 and 2897 of the Revised Statutes, said: "The statute in terms confers 'a special privilege * * * in favor of attorneys-at-law on * * * all *judgments* obtained by them.' Privileges are stricti juris, and cannot be extended by inference to other objects than

those mentioned in the statute granting them. Guided by this familiar rule of interpretation, our conclusion is that opponent's (Louque's) demand is unfounded, and should have been rejected. In our opinion this statute was not intended by the legislature to confer upon an attorney-at-law a lien or privilege upon his client's property, real or personal, for professional services rendered in the maintenance of his possession or ownership thereof."

In both of the above cases *judgment* was obtained. In Smith v. V., S. & P. Railroad Co., 112 La. 985, 987, 36 So. 826, this was not the case. There the attorneys filed suit for $20,000 damages, and while the case was pending plaintiff effected a compromise with defendant accepting the sum of $1,200, without the knowledge or consent of his counsel. The court held that inasmuch as no *judgment* was secured, section 128 of the Revised Statutes of 1870 did not apply. All three of the foregoing decisions doubtless influenced the Legislature in the enactment of Act No. 124 of 1906, which reads as follows:

"Be it enacted by the General Assembly of the State of Louisiana, That, Section 2897 of the Revised Statutes of 1870 be amended and re-enacted so as to read as follows:—

"In addition to the privileges enumerated in title twenty-first of the Civil Code of Louisiana, a special privilege is hereby granted to attorneys-at-law for the amount of their professional fees on all judgments obtained by them, and on the property recovered by said judgment, either as plaintiff or defendant, to take rank as a first privilege thereon.

"Provided, that, by written contract signed by the client, attorneys-at-law may acquire as their fee in such matter an interest in the subject matter of the suit, proposed suit or claim, in the prosecution or defense of which they are employed, whether such suit or claim be for money or for property, real, personal or of any description whatever. And in such contract of employment, it shall be lawful to stipulate that neither the attorney nor the client shall have the right, without the written consent of the other, to settle, compromise, release, discontinue or otherwise dispose of such suit or claim. Either party to said contract shall have the right at any time to file same with the clerk of the District Court where the suit is pending or is to be brought, and to have a copy made and served on the opposing party and due return made as in case of petitions in ordinary suits; from and after the date of such service, any settlement, compromise, discontinuance or other disposition made of such suit or claim by either the attorney or the client without the written consent of the other, shall be null and void, and such suit or claim shall be continued and proceeded with as if no such settlement or discontinuance had been made."

It should be noted here that while Act No. 124 of 1906 specifically amends and reenacts section 2897 of the Revised Statutes of 1870, it also amends and reenacts section 128 which is identical. State ex rel. Rills v. Barrow, 30 La. Ann. 657 and Fuselier v. Police Jury, 109 La. 551, 33 So. 597.

The decisions in Luneau v. Edwards and Mechanics' & Traders' Insurance Co. v. Levi et al., supra, practically nullified sections 128 and 2897 of the Revised Statutes of 1870 inasmuch as those cases held that the privilege was conferred on the *judgment only* and not on the *property recovered* thereunder. The judgment itself is of no value and is worth nothing except that which is seized by virtue of or under it, consequently, as we have said, those cases must have influenced the Legislature of 1906 because paragraph 1 of Act No. 124 of 1906 is identical in language with sections 128 and 2897 of the Revised Statutes with the exception *of the addition* of the following clause: " * * * and on the *property* recovered by said judgment, either as plaintiff or defendant." (Italics ours.)

The addition of this clause granted a *special privilege* not only on the judgment obtained, but on the *property* recovered thereunder, and overcame the obstacle presented by the two cases above cited.

Now even with the addition of the clause inserted in paragraph 1 of Act No. 124 of 1906 no protection was afforded an attorney in the event of a compromise or settlement either by himself or his client prior to the obtaining of a judgment. This was the situation which obtained in the case of Smith v. V., S. & P. Railroad Co., supra, and which the Legislature sought to remedy by paragraph 2 of Act No. 124 of 1906, which provides that by a written contract, signed by the client, attorneys-at-law may acquire as their fee *an interest* in the subject-matter of the proposed suit or claim in the prosecution or defense of which they are employed, whether such suit or claim be for money, property, real or personal, or of any description whatever. They are further authorized to insert in such contract that neither the attorney nor the client shall have the right, without the written consent of the other, to settle, compromise, release, or otherwise dispose of such suit or claim. The act further gives either party the right to file the contract with the clerk of the district court where the

suit is pending, or is to be brought, and to have a copy served on the opposing party, and, after the date of such service any settlement, compromise or other disposition made of such suit or claim by either party shall be null and void.

In the present case Mr. Duke, as attorney for O'Neal, *obtained a judgment* in the case of Piazza v. MacDonald et al., supra, decreeing the sum of $125.18 in the hands of the H. G. Hill Stores, Inc., to be the property of his client and, under paragraph 1 of Act No. 124 of 1906, he is granted "a special privilege" on the judgment obtained and "on the property recovered by said judgment" either as plaintiff or defendant "to take rank as a *first privilege* thereon." Appellee contends, however, that the privilege is not effective, and, in fact, never existed, because the appellant at no time carried out the formalities prescribed in paragraph 2 of the act, namely, signed a written contract, recorded same with the clerk of court, and served copy on the opposing party, etc. In support of this contention appellee argues that paragraph 2 of the act modifies or relates to paragraph 1, and that the privilege created by paragraph 1 does not exist until the formalities prescribed by paragraph 2 are complied with. It is our opinion, as stated above, that the two paragraphs of the act relate to different situations, and that each was intended to provide a remedy in the particular circumstances contemplated by it, namely, that paragraph 1 was intended to confer a special privilege to take rank as a first privilege, not only on the judgment obtained, but on the property recovered by said judgment, and was enacted in view of the decisions in Luneau v. Edwards and Mechanics' & Traders' Insurance Co. v. Levi et al., supra. It is our further opinion that paragraph 2 of Act No. 124 of 1906 was intended to protect an attorney in the event of a compromise, settlement, or other disposition of the case *before* a judgment was obtained and was designed by the Legislature to remedy the situation obtaining in the case of Smith v. V., S. & P. Railroad Co., supra, not, however, by the granting of a special privilege as in paragraph 1, but by granting an attorney-at-law *an interest* in the subject-matter, provided the formalities in that paragraph were complied with.

In support of its contention, appellee calls our attention to the word "provided," which is the first word in the second paragraph of the act, and argues that the word "provided" as so used makes the privilege granted in the *first* paragraph conditional upon the compliance with the formalities set forth in the *second* paragraph. Such, however, is not the case, it being our opinion that the word "provided" as used at the beginning of the second paragraph of the act is used in the sense of *provided also*, and that the two paragraphs are separate and distinct and relate to each other in so far only as each is intended to secure an attorney-at-law in the payment of his fees. Legal authority for our construction is found in the following quotation from Ballentine's Law Dictionary: "*Provided*: It does not always follow that an amendment operates as a proviso in a technical sense, merely because it is preceded by the word 'provided'. Whether it is a proviso in effect, or merely a conjunction equivalent to the word 'and' or the word 'but', must in part be determined from the context and from all the provisions relating to the same subject-matter. See Radil v. Morris & Co., 103 Neb. 84, 170 N. W. 363, 7 A. L. R. 539, 541."

Under the word "provided" in Bouvier's Law Dictionary, we find, "The word is often used as a conjunction to an independent paragraph; Georgia R. & B. Co. v. Smith, 128 U. S. 174, 9 S. Ct. 47, 32 L. Ed. 377." 3 Bouv. Law Dict. (Rawle's 3d Rev.) 2760.

Unquestionably the word "provided" was here used merely as a conjunction equivalent to the word "and," as clearly determined by the context.

Nor do we find anything repugnant to this holding in the following cases decided subsequently to the passage of Act No. 124 of 1906. Andirac v. Richardson, 125 La. 883, 51 So. 1024; Louque v. Dejan, 129 La. 519, 56 So. 427, 38 L. R. A. (N. S.) 389; White v. McClanahan, 133 La. 396, 63 So. 61, 47 L. R. A. (N. S.) 448; Stiles v. Bruton, 134 La. 523, 64 So. 399; State v. Nix, 135 La. 811, 66 So. 230; Succession of Carbajal, 139 La. 481, 71 So. 774; Smith v. Lyon Cypress Co., 140 La. 507, 73 So. 312; Roe v. Caldwell, 145 La. 853, 83 So. 43; Succession of Rice, 147 La. 834, 86 So. 282; McClung v. Atlas Oil Co., 148 La. 674, 87 So. 515; Deardorf v. Hunter, 160 La. 213, 106 So. 831; Alpha v. Rhodes, 171 La. 753, 132 So. 222; Connell v. U. S. Sheet & Window Glass Co., 2 La. App. 93; Matthew Burton v. Kaucher, Hodges & Co., 3 La. App. 74; Bossier v. La. Oil Ref. Corporation, 3 La. App. 205; Nix v. Wight, 3 La. App. 402; Milliken & Farwell v. Taft Mercantile Co., 7 La. App. 150; Taft Mercantile Co. v. Blouin Co., Ltd., 7 La. App. 190; Madonia v. Meyer & Wetmore, 9 La. App. 71, 119 So. 96.

For the reasons assigned the judgment appealed from is annulled, avoided, and reversed, and it is now ordered, adjudged, and

decreed that the H. G. Hill Stores, Inc., garnishee herein, be and it is hereby ordered and directed to forthwith deliver the property or funds now in its possession or under its control belonging to A. Deutsche O'Neal, defendant herein, to Maurice J. Hartson, civil sheriff for the parish of Orleans, and that out of said funds the said Maurice J. Hartson, civil sheriff, do pay and deliver to Claude W. Duke the sum of $62.59 with preference and priority over all other creditors, and that the balance thereafter be paid to Davis Finance & Securities Company, Inc., to apply on its judgment against the said A. Deutsche O'Neal, defendant herein.

Reversed.

JANVIER, J., absent, takes no part.