347 So.2d 850 (1977)
AMERICAN BANK & TRUST COMPANY, Plaintiff-Appellant,
v.
Robert E. BYRON et al., Defendants-Appellees.
CUMBERLAND CAPITAL CORPORATION, Plaintiff-Appellee,
v.
Robert E. BYRON et al., Defendants-Appellees,
American Bank & Trust Company, Defendant-Appellant.
CUMBERLAND CAPITAL CORPORATION, Plaintiff-Appellee,
v.
PENNSYLVANIA GENERAL INSURANCE CO., Defendant-Appellee,
American Bank & Trust Company, Defendant-Appellant.
GAMM, GREENBERG & KAPLAN, Plaintiff-Appellant,
v.
Robert E. BYRON et al., Defendants-Appellees,
American Bank & Trust Company, Defendant-Appellant.
PENNSYLVANIA GENERAL INSURANCE COMPANY, Plaintiff-Appellee,
v.
Robert E. BYRON et al., Defendants-Appellees,
American Bank & Trust Company, Defendant-Appellant.
Nos. 13245-13249.
Court of Appeal of Louisiana, Second Circuit. En Banc.
Rehearing Denied June 22, 1977.
May 23, 1977.
*851 Lewis Weinstein, Shreveport, for American Bank & Trust Co.
Mayer, Smith & Roberts by William L. Lowe, Walter O. Hunter, Jr., Ronald R. Inderbitzin, Shreveport, for Pennsylvania Gen. Ins. Co.
Gamm, Greenberg & Kaplan by Jack H. Kaplan, Shreveport, for Gamm, Greenberg & Kaplan.
Norman R. Gordon and Alex Rubenstein, Shreveport, curators ad hoc, for Robert E. Byron et al.
Naff, Kennedy, Goodman, Stephens, Donovan & Parnell by Ralph W. Parnell, Jr., Shreveport, for Cumberland Capital Corp.
Before BOLIN, PRICE and HALL, JJ.
Rehearing Denied, June 22, 1977. in No. 13248.
PRICE, Judge.
The principal issues in these consolidated cases are the apportionment of the proceeds from insurance to the mortgagees named in the loss payable clause of the policy and whether the insured's attorney has a privilege on these funds.
Robert Byron owed Lot 367, Broadmoor Subdivision, Unit 2, in Shreveport which was encumbered with a first mortgage of $104,500 to Cumberland Capital Corporation, and a second mortgage of $29,025 to the American Bank and Trust Company in Coushatta. The improvements were insured for fire and extended coverage by Pennsylvania General Insurance Company, with Cumberland and American Bank as the loss payees under the policy.
Between February 27 and March 1, 1974, extensive damage was caused to the insured building by vandals. Byron, a Texas resident, was represented by the law firm of Gamm, Greenberg, and Kaplan of Shreveport at the time a claim was made for the damage. The General Accident Fire and Life Insurance Company, as Pennsylvania's agent, issued a check for $15,023.93, the negotiated amount of the loss, on September 3, 1974, payable to Byron, Cumberland, and American Bank. The check was later delivered to the law firm representing Byron.
*852 On September 17, 1974, Cumberland foreclosed against the property by executory process. The property was sold, without benefit of appraisal, to Cumberland on November 6, 1974. On November 8, 1974, American Bank, who had previously obtained a judgment against Byron, filed a garnishment against Pennsylvania General and Gamm, Greenberg, and Kaplan seeking to recover the proceeds of the insurance claim paid on the Byron property.
On November 15, 1974, Cumberland filed suit against Pennsylvania General seeking payment of the proceeds of the insurance claim directly to it and for damages for breach of the insurance contract under which it was named as loss payee. Cumberland contends that because the insurer failed to timely issue its draft payable solely to it, the necessary repairs could not be made promptly, and the property sustained further damage.
On December 11, 1974, Gamm, Greenberg, and Kaplan deposited the insurance check in the registry of the court and filed suit against Byron for attorney's fees claiming a privilege against the funds deposited.
On December 26, 1974, Pennsylvania General filed a proceeding in the nature of a concursus asking the court to direct proper disposition of the insurance proceeds among the various claimants.
On November 13, 1975, Cumberland filed pleadings in its prior suit against Byron alleging that the executory process under which the property was sold was null because the demand for payment was not made as required by law. American Bank filed appropriate pleadings contesting the right of Cumberland to annul the sale by executory process.
These multiple actions were consolidated for trial. The district court rendered judgment rejecting Cumberland's demands for damages against Pennsylvania General and its action to annul the sale of Byron's property under executory process. The court awarded Gamm, Greenberg, and Kaplan the sum of $1,000 out of the funds deposited from insurance proceeds, and after allowing payment of curator fees of $150, ordered the remainder of the fund to be paid to Cumberland. The demands of American Bank were rejected entirely.
American Bank appealed contending that the entire proceeds of the insurance should be paid to it as the holder of the second mortgage because Cumberland lost any further claim against its debtor, Byron, at the time it provoked the sale of his property by executory process without benefit of appraisement.
Gamm, Greenberg, and Kaplan appealed requesting an increase in the amount allowed them as a privilege on the fund for attorney's fees.
Cumberland answered the appeals of American Bank and Gamm, Greenberg, and Kaplan specifying as error the failure of the trial court to award it the entire amount of the insurance proceeds. Cumberland has not appealed the judgment rejecting its request to annul its sale by executory process of Byron's property or from the judgment rejecting its claims for damages against Pennsylvania General. Therefore, these issues are not properly before this court. See La.C.C.P. Art. 2133 and Lumber Products Inc. v. Hiriart, 255 So.2d 783 (La.App. 4th Cir. 1971).
The sole questions for our consideration are:
1) Is Cumberland entitled to be paid by preference the balance owed on its first mortgage which is in excess of the fund on deposit, or has its right been affected by the foreclosure on the mortgagee's property without benefit of appraisement?
2) Is Gamm, Greenberg, and Kaplan entitled to any part of the proceeds by reason of an attorney's lien and privilege for services rendered to Byron, or on behalf of Cumberland or American Bank, and if so, how much?
The trial court found Cumberland's entitlement to the insurance proceeds vested at the time the loss occurred and was not affected by the subsequent sale of the mortgagee's property without benefit of appraisement. We find no error in this conclusion.
*853 At the time of the loss on the property, the mortgage to Cumberland was in full effect as a first mortgage and the insurance contract between Byron and the insurer named Cumberland a third party beneficiary. The occurrence of the loss and the issuance of the draft by the insurer took place prior to the filing of the foreclosure proceeding on the property. Cumberland is not seeking enforcement of any balance owed by Byron, but is claiming the amount owed to it under the terms of the insurance contract.
Gamm, Greenberg, and Kaplan claim a lien and privilege for attorney's fees under LSA-R.S. 9:5001, which provides:
A special privilege is hereby granted to attorneys at law for the amount of their professional fees on all judgments obtained by them, and on the property recovered thereby, either as plaintiff or defendant, to take rank as a first privilege thereon.
The statute restricts the privilege created to "judgments obtained by them" or "on property recovered thereby." As no judgment was obtained by the law firm in this instance, the statute has no application.
The trial court apparently awarded attorney's fees on the basis that some work performed by the law firm for Byron inured to the benefit of Cumberland and American Bank.
The testimony of the attorney who performed the work makes it clear that all work was done solely for their client, Byron, and no contractual relationship existed with the other parties. There is no evidence to show the efforts of the law firm were necessary to obtain payment of the loss by the insurer. Under these circumstances, the trial court was in error in ordering the payment of attorney's fees by priority out of the funds on deposit. For a comprehensive discussion of the award of attorney's fees in nonclient situations see Lyons v. City of Shreveport, 339 So.2d 466 (La.App. 2nd Cir. 1976); writ denied 341 So.2d 905 (La.1977).
The judgment awarding attorney's fees to Gamm, Greenberg, and Kaplan out of the fund on deposit is reversed and their demand for a privilege on the fund is rejected. The judgment is amended to order the fund deposited in the registry of the court be paid to Cumberland Capital Corporation after payment of the curator fee and court costs.
In all other respects, the judgment is affirmed.