CULPEPPER, Judge.
The issue on appeal in this case is whether an attorney at law has a special privilege for the amount of his professional fees, under LSA-R.S. 9:5001, where the suit is settled by a compromise agreement, and judgment is rendered dismissing the client’s suit.
The present case originated as a suit for damages for personal injuries by the plaintiff, J. C. Calk, against the alleged defendant tort feasors, General Electric Company, et al. Commercial National Bank in Shreveport held a prior judgment against J. C. Calk for the balance due on a promissory note. See 207 So.2d 578. The judgment was revived under LSA-C.C. Article 3547. *1101 Under its judgment, the bank seized Calk’s interest in the personal injury suit.
Before the personal injury case was tried, J. C. Calk and his attorney, William Henry Sanders, and the seizing creditor, Commercial National Bank in Shreveport, agreed to settle the claims of Calk against the alleged tort feasors for the sum of $2,000 cash. Calk and his attorney and the bank Agreed further that the $2,000 be placed in the registry of the court for a determination by the court as to their respective rights to the funds.
The trial judge held that Calk’s attorney has a special privilege on the funds under LSA-R.S. 9:5001, and, accordingly, judgment was rendered ordering the clerk of court to issue a check in the sum of $2,000 payable to Calk’s attorney, William Henry Sanders. The seizing creditor, Commercial National Bank, appealed.
LSA-R.S. 9:5001 provides:
“A special privilege is hereby granted to attorneys at law for the amount of their professional fees on all judgments obtained by them, and on the property recovered thereby, either as plaintiff or defendant, to take rank as a first privilege thereon.”
The language of this statute refers only to the granting of the first privilege in favor of an attorney for his professional fees on “judgments” and “on property recovered thereby”, and makes no mention of a compromise entered into before judgment on the merits. Because this provision creates a privilege or lien, it is in derogation of common rights. Therefore, it should be strictly construed and cannot be extended by analogy or implication. State ex rel. Maitrejean v. Demarest, 229 La. 300, 85 So.2d 522 at 523 (La.1956).
Our holding is supported by several cases. Smith v. Vicksburg S. & R. R.R., 112 La. 985, 36 So. 826 (1904); American Bank & Trust Company v. Byron, 347 So.2d 850 (La.App. 2d Cir. 1977), and Madonia v. Meyer & Wetmore, 9 La.App. 71, 119 So. 96 (Orl.1928). Additionally, this position is expressed as dicta in other cases. Livaccari v. Demarest, 352 So.2d 792 (La.App. 4th Cir. 1977), and Davis Finance & Securities Company, Inc. v. O’Neal, 160 So. 463 (Orl.Ct. of La.App.1935).
In oral reasons dictated at the conclusion of the hearing, the trial judge expressed the view that since the compromise agreement resulted in a judgment of dismissal, the judgment of dismissal should be construed as a “judgment” under LSA-R.S. 9:5001, and the attorney’s privilege for his fees should attach to the funds received in the compromise settlement. As stated above, the jurisprudential rule is well settled that statutes creating a lien must be strictly construed and cannot be extended by implication. Additionally, the above cited jurisprudence supports our holding that the attorney has no privilege for his fee where the suit is settled by compromise without a judgment on the merits in favor of the plaintiff.
We have also considered the possible effect of LSA-R.S. 37:218. That statute protects an attorney who has entered into a contingent fee contract by providing that it is lawful to stipulate that the attorney’s permission is necessary for any compromise, release, or discontinuance of the lawsuit. Any such compromise, release, or discontinuance of the lawsuit without the attorney’s permission is null, if the contract contains such a stipulation, is in writing, and is properly recorded. Although this statute was originally enacted by Act No. 124 of 1906 as an additional paragraph to the present LSA-R.S. 9:5001, the two provisions are separate and distinct and do not overlap. Davis Finance & Security Company v. O’Neal, supra, and Roberts v. Hanover Insurance Company, 338 So.2d 158 (La.App. 2d Cir. 1976). The purpose of this statute is to allow an attorney to acquire an interest in the subject matter of the lawsuit and thereby to prevent clients from depriving an attorney of a fee by compromising a suit before judgment. State v. Nix, 135 La. 811, 66 So. 230 (1914). However, it does not give the attorney a lien right.
For the reasons assigned, the judgment appealed is reversed and set aside. It is *1102 now ordered, adjudged and decreed that there be judgment herein in favor of Commercial National Bank against J. C. Calk ordering the clerk of court of LaSalle Parish to issue a check in the sum of $2,000.00, payable to Commercial National Bank, for the funds placed in the registry of the court in these proceedings. All costs in the trial and appellate courts are assessed against J. C. Calk.
REVERSED AND RENDERED.
FORET and STOKER, JJ., dissent and assign written reasons.