WATKINS, Judge.
This is an action brought by Federal National Mortgage Association to obtain the proceeds of a homeowner’s insurance policy allegedly due Federal under a loss payable clause. The mortgagors, Terry Lane Gaughf and Gloria Burch Gaughf, intervened, claiming the proceeds. The homeowners carrier, Prudential Property and Casualty Insurance Company, deposited the sum in controversy in the registry of the court and admitted the sum was due either Federal, the plaintiff, or the Gaughfs, the intervenors. The trial court held the sum was due Federal, and the Gaughfs appeal. We vacate the judgment of the trial court and remand for the reasons set forth herein.
Terry Lane Gaughf and Gloria Burch Gaughf purchased the western portion of Lot “F”, West Harding Heights Subdivision, Baton Rouge, on March 26, 1975, and executed a promissory note secured by a mortgage, which note was subsequently *46 purchased by Federal. The Gaughfs fell into arrears in their payments under the note, and Federal filed suit by executory process against the Gaughfs, seeking a writ of seizure and sale, and requesting that the sale be made without appraisement.
After the property was seized by the sheriff, but before sale, the house built upon the mortgaged property was substantially damaged by fire. The sheriffs sale was conducted without appraisement after the fire, and Federal bid in the property. Federal now claims the homeowners proceeds resulting from the fire under the loss payable clause, and the Gaughfs claim the insurance proceeds, contending that the Deficiency Judgment Act (LSA-R.S. 13:4106 et seq.) destroys whatever right the noteholder, Federal, may have had to the insurance proceeds, as the sheriffs sale was made without appraisement.
The pertinent section of the Deficiency Judgment Act applying to the present situation is LSA-R.S. 13:4106, which reads as follows:
If a mortgagee or other creditor takes advantage of a waiver of appraisement of his property, movable, immovable, or both, by a debtor, and the proceeds of the judicial sale thereof are insufficient to satisfy the debt for which the property was sold, the debt nevertheless shall stand fully satisfied and discharged insofar as it constitutes a personal obligation of the debtor. The mortgagee or other creditor shall not have a right thereafter to proceed against the debtor or any of his other property for such deficiency, except as provided in the next paragraph.
If a mortgage or pledge affects two or more properties, movable, immovable, or both, the judicial sale of any property so affected without appraisement shall not prevent the enforcement of the mortgage or pledge in rem against any other property affected thereby.
The Deficiency Judgment Act was held in Powell v. Motors Insurance Corporation, 235 So.2d 593 (La.App. 1st Cir.1970) to cut off the mortgagee’s rights under a loss payable clause once a sheriffs sale without appraisement takes place, this court reasoning that the mortgagee can have no greater right against the debt- or’s insurer than it has against the debt- or itself. A result contrary to the Powell result was reached in Guinn v. Houston Fire & Casualty Ins. Co., 32 So.2d 613 (La.App. 1st Cir.1947) and in American Bank & Trust Co. v. Byron, 347 So.2d 850 (La.App. 2d Cir.1977), writs denied, 351 So.2d 155 (La.1977), these two cases proceeding upon the rationale that the right to insurance proceeds under a loss payable clause vests in the mortgagee at the time of loss, and is not affected by a subsequent sale of the property without appraisement at the instance of the mortgagee.
Noting the conflicting jurisprudence, the Louisiana Supreme Court in Rushing v. Dairyland Insurance Company, 456 So.2d 599 (La.1984), upheld the Powell decision, in cases in which there is a simple loss payable clause as opposed to one in which the mortgagee is given a direct right to the proceeds of loss insurance, reasoning that in case of a simple loss payable clause the sale without ap-praisement extinguishes the debt, and hence extinguishes the mortgagee’s right under a simple loss payable clause.
The present case was tried and decided by the trial court long before Rushing was handed down by the Supreme Court on September 10, 1984. The homeowners policy held by the Gaughfs is not in the record. Hence, it is impossible to classify the present loss payable clause. Furthermore, the trial court was not given an opportunity to consider the result to be reached in the present case in the light of Rushing. It is impossible for us to review the case in the posture in which it stands and give proper regard to the state’s Supreme Court opinion in Rushing. Counsel for both sides suggest we take into consideration the policy of insurance although it is not in the record. An appellate court may not take cognizance of evidence which is not in the record. Discon v. Saray, Inc., *47 265 So.2d 765, 262 La. 997 (1972); National American Bank of New Orleans v. Purvis, 407 So.2d 754 (La.App. 1st Cir. 1981). Thus, there is no course but to remand.
Accordingly, the judgment of the trial court is vacated and the case remanded for the introduction of the homeowners policy held by the Gaughfs. The case should thereupon be redecided with written reasons at the trial level. All costs shall await final disposition of the matter.
VACATED AND REMANDED.