FOURNET, Chief Justice.
Graham and Graham, attorneys at law, having secured a judgment in the Parish of Orleans in favor of the relator, Herbert W. Maitrejean, against his wife, decreeing a separation from bed and board, with a dissolution of the community of acquets and gains, and ultimately a final divorce, instituted suit against relator in St. Tammany Parish (where he resides) to recover the fees for their services in those proceedings, during the pendency of which suit they filed, in the mortgage records of Orleans Parish, a notice of lis pendens and a lien and privilege affecting certain property of relator in Orleans Parish which was formerly a part of the community and was received by relator in the settlement thereof; and they are now appealing from a judgment ordering the Recorder of Mortgages for the Parish of Orleans, on the petition of relator, to cancel the notice of lis pendens and the lien and privilege against the property.
*303 The lien asserted by appellants is claimed by virtue of LSA-R.S. 9:5001, granting to attorneys at law “A special privilege * * * for the amount of their professional fees on all judgments obtained by them, and on the property recovered thereby, either as plaintiff or defendant, to take rank as a first privilege thereon.”
Under a well recognized rule of construction, statutes in derogation of common rights, such as those creating liens and privileges, are to be strictly construed and are not to be extended by implication or through considerations of equity. American Creosote Works v. City of Natchitoches, 182 La. 641, 162 So. 206; see, also, American-La France & Foamite Industries, Inc., v. Town of Winnfield, 184 La. 1043, 168 So. 293, and cases therein cited; Boylan’s Detective Agency v. Brown, 157 La. 325, 102 So. 417. According to the plain language of LSA-R.S. 9:5001, the lien and privilege therein provided apply only to “judgments” and to the “property recovered thereby”; its provisions are therefore not available to the appellants, no property having been recovered by the judgments obtained through their professional efforts on behalf of the relator. The property against which the appellants attempted to assert a lien belongs to the relator simply because it belonged to the community of acquets and gains existing between him and his wife, and fell to him in the partition of their effects which took place upon judgment of separation from bed and board, carrying with it dissolution of the community under the provisions of Article 155 LSA-Revised Civil Code of 1870; and the circumstance that in partitioning the assets it was through appellants’ efforts (as they claim) that relator received as his his share certain securities and properties particularly desired by him, neither adds to nor detracts from the fact that no property was recovered by the judgment.
For the reasons assigned, the judgment appealed from is affirmed.