234 So.2d 470 (1970)
Catherine L. DAVIS
v.
Dante Joseph CONTORNO.
No. 7967, 8032.
Court of Appeal of Louisiana, First Circuit.
April 13, 1970.
*471 Mengis & Durant, Baton Rouge, for appellant.
Peter T. Dazzio, Baton Rouge, for appellee.
Before LANDRY, SARTAIN and ELLIS, JJ.
LANDRY, Judge.
These consolidated matters are appealed by defendant Dante Joseph Contorno who complains of judgments rendered below in favor of his former wife, Catherine L. Davis, making past due alimony, owing to children of the prior marriage, executory in the sum of $7,070.00 and ordering garnishment of appellant's wages in payment thereof. We affirm the judgment making past due alimony executory and amend the order for garnishment.
In defense of the action to reduce the sum of the unpaid alimony to judgment, appellant pleads the prescription of three years. On this basis, appellant seeks reduction of the judgment to $1,740.00, which he admits owing for the three year period preceding institution of suit.
In resisting the garnishment of his wages to enforce collection of the alimony made executory, appellant maintains in effect that the totality of his payments, under the garnishment and the URESA decree should *472 be limited to 20% of his monthly wages of $720.00.
On June 1, 1959, judgment was rendered in favor of plaintiff wife by the Circuit Court of Jackson County, Missouri, granting plaintiff a final divorce from defendant. The decree also awarded plaintiff custody of three minor daughters of the marriage and alimony for the support of the children in the sum of $25.00 weekly, the first payment being made due on June 1, 1959. Between June 1, 1959 and August 16, 1959, appellant made payments aggregating $300.00 on the alimony awarded. In August, 1959, appellant moved from Missouri to Shreveport, Louisiana and discontinued alimony payments.
In a proceeding instituted pursuant to the Uniform Reciprocal Enforcement of Support Act (URESA), LSA-13:1641-1699, plaintiff sought enforcement in this state of the alimony judgment rendered against appellant in Missouri. In pursuance thereof, the Juvenile Court, Caddo Parish, Louisiana, by judgment rendered January 10, 1962, awarded plaintiff judgment in the sum of $60.00 monthly for child support. It is conceded that appellant has made all payments due under the Caddo Parish judgment.
Appellant having subsequently moved to Baton Rouge, Louisiana, plaintiff instituted proceedings in the Family Court, East Baton Rouge Parish, in which tribunal judgment was rendered May 4, 1966, granting full faith and credit to the Missouri decree awarding plaintiff a divorce and child support. Thereafter, on March 27, 1969, plaintiff filed suit in East Baton Rouge Parish against defendant to reduce to judgment delinquent child support payments aggregating $7,070.00, the difference between the $100.00 monthly award in Missouri and the $60.00 monthly allotted by the Louisiana court. Judgment to that effect was rendered below on July 25, 1969. In a separate subsequent action, judgment was rendered below on October 24, 1969 ordering garnishment of appellant's wages to the extent of 20% of his gross $720.00 monthly salary to enforce collection of the judgment of $7,070.00 awarded plaintiff for past due and unpaid alimony. In December, 1969, appellant caused a rule nisi to issue ordering plaintiff to show cause why the garnishment of 20% of his wages in enforcement of the judgment should not be declared illegal and ordered terminated. The Court below recalled the rule and ordered the garnishment continued.
As contended by appellant, claims for alimony prescribe under our laws in a period of three years in accordance with LSA-R.C.C. Article 3538, which provides as follows:
Art. 3538. The following actions are prescribed by three years:
That for arrearages of rent charge, annuities and alimony, or of the hire of movables and immovables.
* * * * * *
This prescription only ceases from the time there has been an account acknowledged in writing, a note or bond given, or an action commenced.
It is conceded that alimony payments were discontinued under the Missouri judgment on August 16, 1959, and were recommenced January 17, 1962, pursuant to the Caddo Parish decree. The question presented is whether payment, pursuant to the Louisiana judgment, interrupted prescription as to the past due sum owed under the Missouri judgment.
Appellant, relying on LSA-R.S. 13:1643 and 13:1680, maintains that an order of support pursuant to URESA creates a right or action separate and distinct from the right or action for support granted by a foreign jurisdiction. On this basis, it is argued that payments made pursuant to either the foreign judgment or the URESA judgment cannot interrupt prescription on the other. Appellant also contends that as a debtor he has the unqualified right to impute payments to a particular obligation pursuant to LSA-R.C.C. Article 2163. In this respect, it is argued that since appellant *473 has voluntarily elected to pay the Louisiana judgment, his payments must be credited to that obligation alone. Appellant also contends that the reason LSA-R.S. 13:1680, above, requires that sums paid under either order be applied to both is that failure to pay under either could expose the husband to contempt proceedings even though he was paying pursuant to the other. Appellant points out that it would be unfair to achieve such a result. Further, appellant argues that if the sums paid were not credited to both judgments, the husband could be held accountable for the full arrearages due under the first judgment while making regular payments under a URESA order. Additionally, appellant avers that to credit payments to both accounts forces him, as debtor, to involuntarily interrupt prescription against himself.
LSA-R.S. 13:1643 provides that the remedies available under URESA are in addition to and not in substitution of any other remedies.
LSA-R.S. 13:1680 stipulates that a URESA order of support issued in the courts of this state, acting as a responding state, shall not supersede a previous order of support. It also clearly states that amounts paid for a particular period pursuant to order of either court shall be credited against amounts accruing or accrued for the same period under both decrees.
We believe the question presented must be resolved in the light of the fact that there is but one continuous, undivided obligation incumbent upon a husband to support his minor children. LSA-R.S. 13:1663 provides that all duties of support are enforceable notwithstanding a court of this state or any other state has previously made a support order or has continuing jurisdiction. It appears the foregoing section of our URESA statute was enacted for the specific purpose of ensuring enforcement of the parental obligation of support whereever the husband may reside. The clear and unmistakable spirit of the URESA statute recognizes a single duty to support one's children. It also impliedly declares that the duty is of such magnitude and scope as to impel the jurisdictions which have enacted the statute to cooperate fully with each other in its enforcement.
Our jurisprudence establishes that the test for determining whether payments made to a wife shall be credited against alimony due is whether the wife has the unrestricted right to determine how the funds will be spent. Cotton v. Wright, 193 La. 520, 190 So. 665, 670; Duncan v. Roane, La.App., 127 So.2d 191. Duncan, above, is also authority for the rule that payments pursuant to an alimony judgment constitute acknowlegment of the alimony obligation sufficient to interrupt the prescription provided for by LSA-R.C.C. Article 3538. In the case at bar, it is undisputed that the payments made pursuant to our URESA judgment was in fulfillment of defendant's obligation to support his children. Since there is but one obligation, no option rests with the husband to impute payment to one judgment or the other.
Assuming, for argument's sake, there are separate obligations as defendant argues, it appears that our URESA statute excepts support payments from the general rule of imputation permitted by LSA-R.C.C. Article 2163. In this regard, we note that Section 1680 provides that "the amounts for a particular period paid pursuant to either order shall be credited against amounts accruing or accrued for the same period under both." (Emphasis by the Court.) The mandate of the above language is clear. Prescription as a bar to an action on an obligation is a defense provided by law. The legislature, in its wisdom, may grant, withhold, qualify or restrict the right to such a defense as it sees fit. In this instance, the legislature has denied the obligor the privilege of imputation for reasons which the legislature has deemed adequate. Here the payments *474 commenced in January, 1962. They began within the three year period and interrupted prescription on defendant's single obligation. Defendant's plea of prescription is therefore without merit.
Defendant's next contention is that the garnishment of his wages should be reduced to the difference between 20% of his wages and the $60.00 paid monthly under the URESA judgment. Since his salary is $720.00 monthly, and 20% thereof amounts to $144.00, appellant argues the garnishment should be reduced to the sum of $84.00 monthly.
The above contention is made on the basis of LSA-R.S. 13:3881 and 13:3928. The former statute provides that 80% of a debtor's salary or wages shall be exempt from seizure under any form of writ whatsoever. The latter provides that a judgment for child support primes and enjoys priority in enforcement over any other judgments of garnishment previously or subsequently rendered.
Observing that he is bound to pay $60.00 monthly child support under the URESA decree, defendant alleges that this decree takes preference, pursuant to LSA-R.S. 13:3928, over the subsequent judgment for accrued unpaid alimony. In effect defendant maintains that the 20% garnishment of his wages in payment of the alimony reduced to judgment, coupled with his continued payment of support under the URESA decree violates LSA-R.S. 3881, in that he is compelled to pay in excess of the 20% maximum allowable authorized by the statute.
Appellant's current payments pursuant to the URESA decree are not being enforced by garnishment proceedings. It appears that Section 3928, above, confers priority and preference upon "Any judgment, decree, order or sentence of court, whether in a civil or criminal case, by which a father is ordered to pay for the support of a child or children * * *" Statutes in derogation of common rights, such as those creating liens and privileges, are to be strictly construed and not to be extended by implication or through considerations of equity. State ex rel. Maitrejean v. Demarest, 229 La. 300, 85 So.2d 522. Section 3928, being in derogation of common rights insofar as it creates a priority for payment of child support, must be strictly construed. On this basis, we hold that the provisions of Section 3928 apply only to orders of child support as such. It follows that Section 3928, above, does not apply and give enforcement preference to a judgment which renders executory a claim for past due and unpaid child support. Once the claim for unpaid support is rendered executory by conversion to judgment for a sum certain, it is not an order, judgment or decree for child support. It is merely an executory judgment enjoying no special rank or privilege. Here, however, the executory judgment being enforced by the wife is not in competition with some other judgment for enforcement purposes; it is the sole and only judgment being enforced against defendant by garnishment proceedings.
We know of no statute which prohibits a court from ordering payment of child support in excess of 20% of a father's income. We do not believe the legislature intended Section 3881, above, to limit orders for child support to 20% of a father's income. To so hold is to limit dependent children to the 20% fraction irrespective of their needs and number. On the contrary, we believe the purpose of Section 3928, above, is to encourage fathers to support their children by exempting the sum of child support from garnishment pursuant to Section 3881, above. By this, we mean that the amount of child support payments is deducted from the father's income and 20% of the balance then remains available for garnishment. This, in our opinion, reconciles and gives effect to the provisions of Sections 3881 and 3928, above.
Applying the foregoing rule to the case at hand, we note that defendant's income *475 is $720.00 per month and he is paying child support in the sum of $60.00 monthly. Deducting $60.00 from $720.00 leaves a balance of $660.00 of which 20%, or the sum of $132.00, is garnishable in enforcement of plaintiff's judgment.
Appellant alternatively maintains his current payments of $60.00 monthly should be deducted from 20% of his income of $720.00, or the sum of $144.00, leaving $86.00 collectible by garnishment. We repeat that we do not believe the legislature intended that payments of child support, both current and garnishment enforced, may not exceed 20% of a husband's income. The result reached here does no violence to Section 3881. Although the sum paid by defendant in current payments and under garnishment exceeds 20% of his income, less than 20% of his total income is actually being garnished. The remainder is not being collected by garnishment proceedings.
It is a father's duty and obligation to meet the burden of child support promptly when such payments are due. The interest and welfare of the children require at least this much contribution on his part. His past failure in this respect may not serve as a legal excuse to avoid altogether or further delay payment of accrued unpaid child support. That appellant may be subjected to contempt proceedings if he discontinues current payments is a matter of no consequence. The law will neither aid nor encourage deferment of such a vital obligation.
Appellant's dilemma is of his own making. He could have avoided his present predicament by (1) paying the support payments as they accrued if he were financially able to do so, or (2) applying to the Missouri court or the Family Court of East Baton Rouge Parish when the Missouri judgment was granted full faith and credit for a reduction if his financial condition so warranted. Appellant did neither.
Accordingly, it is ordered, adjudged and decreed that the judgment rendered by the trial court in the garnishment proceeding against defendant be amended to decree $132.00 of defendant's monthly salary or wages garnishable in enforcement of the plaintiff's executory judgment for unpaid child support. All costs of these proceedings to be paid by defendant.
Amended and rendered.