ELLIS, Judge:
On May 11, 1971, plaintiff Barbara Anne Klein White obtained judgment against her former husband, defendant Norman George Klein, Sr., recognizing and giving full faith and credit to a Missouri judgment for $16,033.78 in child support arrearages. The Missouri judgment was originally rendered in 1957 and was revived in 1970. Thereafter, in June, 1971, garnishment proceedings were instituted, with Ryder Truck Lines, Inc., defendant’s employer, being made garnishee.
Defendant then filed a petition to enjoin the garnishment proceeding, alleging that he had remarried in 1962, that his salary belongs to the community existing between himself and his second wife, and that it is not subject to garnishment for a separate debt of the husband.
After a hearing, judgment was rendered in favor of defendant, permanently enjoining plaintiff from seizing assets of the community existing between defendant and his second wife in order to satisfy the judgment herein. Plaintiff has appealed.
Defendant relies on the holding of the Supreme Court in United States Fidelity and Guaranty Co. v. Green, 252 La. 227, 210 So.2d 328 (1968), that under Article 2403 of the Civil Code debts of both the husband and wife, contracted prior to their marriage, can only be acquitted out of their separate estates, and that assets of the community are not liable for same.
Plaintiff relies on the well established principle that alimony and child support are not “debts” within the meaning of Article 2403, but “an obligation or duty imposed by law for which his undivided interest in the second community is responsible.” Fazzio v. Krieger, 226 La. 511, 76 So.2d 713 (1954).
Defendant concedes the correctness of the above principle, but contends that it has no application to this case. He takes the position that the community is liable for current child support payments due to the husband’s children by a former marriage, but not for past due payments which accrued prior to the establishment of the community. He further claims that, once reduced to an executory judgment, child support arrearages lose their identity as such and become an ordinary debt, relying on the following language from Davis v. Contorno, 234 So.2d 470 (La.App. 1 Cir.1970):
“Once the claim for unpaid support is rendered executory by conversion to *498 judgment for a sum certain, it is not an order, judgment or decree for child support. It is merely an executory judgment enjoying no special rank or privilege”
In the Davis case, the defendant husband was making child support payments under a U R E S A order, and there was an ex-ecutory judgment against him for arrear-ages of child support. The wife had instituted garnishment proceedings against him to enforce collection of the latter judgment. Our holding in that case was to the effect that the provisions of R.S. 13:3829, which gives priority to child support payments over judgments of garnishment, do not apply to executory judgments for ar-rearages of child support. It was not intended by the above quoted language to intimate that the character of child support payments is changed from an obligation or duty to a debt simply because they have been reduced to an executory judgment in order to facilitate collection thereof.
Neither do we believe that child support payments can be deprived of their status as an obligation or duty because they arose and were reduced to an executory judgment prior to the remarriage of the husband and the establishment of the community. So long as they retain their character as such, they may be discharged out of the property of a subsequent community of the responsible party. Fazzio v. Krieger, supra.
The judgment appealed from is therefore reversed, and there will be judgment in favor of plaintiff and against defendant, dismissing defendant’s petition for injunctive relief, and remanding the case to the trial court for further proceedings, not inconsistent herewith. All costs are to he paid by defendant.
Reversed and remanded.