311 So.2d 578 (1975)
Zelina THERIOT, Plaintiff-Appellant,
v.
Clifton MELANCON, Defendant-Appellee.
No. 4985.
Court of Appeal of Louisiana, Third Circuit.
April 21, 1975.
*579 J. Minos Simon and Darrell J. Stutes Toups, Lafayette, for plaintiff-appellant.
Harold L. Savoie, Lafayette, for defendant-appellee.
Before HOOD, MILLER, and WATSON, JJ.
MILLER, Judge.
Plaintiff Zelina Theriot appeals the judgment 1) rejecting her suit against defendant Clifton Melancon to make executory past due child support payments, and 2) modifying a prior garnishment judgment to direct that garnishment proceeds be first applied to current non-support payments, and the balance to satisfy judgments recognized in the garnishment. We reverse in part to make executory the past due support. Pursuant to LSA-R.S. 13:3923, we amend in part to modify the order as to payments made after October 18, 1974 under the June 10, 1974 garnishment judgment.
This matter has been before the trial court on numerous occasions. In October of 1964 plaintiff was awarded a divorce together with child custody. Alimony and support was set at $150 per month. On June 30, 1965 plaintiff obtained a judgment making executory past due alimony and child support in the sum of $775 plus interest and costs. On May 7, 1974, plaintiff obtained a $4,025 judgment for non-support payments which accrued and were unpaid after June 30, 1965. Future child support payments were reduced to $65 per month.
On June 10, 1974 plaintiff obtained a garnishment judgment ordering defendant's employer, the City of Lafayette, to withhold certain sums (which came to $105 per month) from defendant's pay. The withheld amount was to be paid plaintiff's attorney to apply on the June 30, 1965 and May 7, 1974 judgments. The June 1974 garnishment judgment was to remain in force until both money judgments together with interest and costs were satisfied. No appeal was taken from the June 1974 garnishment judgment.
This appeal is concerned with plaintiff's October 18, 1974 Rule Nisi in which she sought to make executory $445 in child support payments which accrued after the May 7, 1974 judgment. Defendant answered the October 18, 1974 rule with a motion to reduce the $65 monthly support payments to $30 per month. The trial court rejected plaintiff's claim to make executory the support payments which accrued after May 7, 1974, reasoning that the $105 *580 garnished each month included current monthly child support of $65, and the remaining $40 was credited to the June 30, 1965 and May 7, 1974 judgments.
Defendant did not appeal nor answer plaintiff's appeal in an effort to overturn the trial court's rejection of his motion to reduce child support payments (of $65 to $30 monthly) effective October 18, 1974. We do not consider this issue.
Plaintiff contends the trial court erred in 1) denying plaintiff's claim to make executory child support payments for the period May 7, 1974 to October 18, 1974, and 2) amending the garnishment judgment to first apply proceeds to current child support payments and only the balance to money judgments which were recognized in the garnishment judgment.
The June 1974 garnishment judgment was rendered to satisfy the June 30, 1965 and May 7, 1974 money judgments granted for accrued alimony and child support, and the June 1974 garnishment judgment did not contain provisions for current and continuing child support. The May 7, 1974 money judgment did order defendant to continue paying child support of $65 monthly. Defendant did not appeal either judgment.
Defendant's employer honored the garnishment judgment. It withheld $105 per month from defendant's salary and paid that sum to plaintiff's attorney to be applied to the money judgments.
Defendant had two separate obligations, one to pay current child support, and the other to pay the money judgments. The garnishment was brought for the sole purpose of enforcing the latter. Defendant's pleadings to reduce monthly child support demonstrated his understanding that the garnishment proceeding was separate from his continuing obligation to support his child.
Although LSA-R.S. 13:3923 provides for the trial court to retain jurisdiction in garnishment proceedings, this gives the court authority to amend or set aside its judgment as to future payments, but not as to payments which have accumulated. Quick Finance Service, Inc. v. Young-blood, 243 So.2d 321 (La.App. 4 Cir. 1971). The trial court did not have authority to retroactively alter or amend payments made prior to the October 18, 1974 filing of the Rule Nisi.
It was stipulated that $445 was the amount of past due child support in the event the garnishment was not first applied to the current monthly $65 child support obligation.
Equity will not nullify or reduce accumulated alimony or child support which is a vested property right, until the judgment is altered or amended by a subsequent judgment or is terminated by operation of law. LSA-C.C.P. art. 3945; Pisciotto v. Crucia, 224 La. 862, 71 So.2d 226 (1954); Mertens v. Mertens, 308 So.2d 506 (La.App. 3 Cir. 1975); Simon v. Calvert, 289 So.2d 567 (La.App. 3 Cir. 1974).
No discretion is vested in the trial court to make past due support executory once it has been established and properly applied for. Rodriguez v. Rodriguez, 245 So.2d 765 (La.App. 4 Cir. 1971); Vinet v. Vinet, 184 So.2d 33 (La.App. 4 Cir. 1966).
The trial court erred in denying plaintiff her right to make executory the $445 in past due alimony which accrued through October 18, 1974.
The trial court was vested with jurisdiction to make prospective amendments (commencing with the filing of the October 18, 1974 Rule Nisi) to the payments being made under the June 10, 1974 garnishment judgment. LSA-R.S. 13:3923.
In essence the trial court found that of the total amount of wages ($105 per month) garnished (LSA-R.S. 13:3881) by the June 10, 1974 judgment, priority should be given the $65 per month child support (LSA-R.S. 13-3928) with the remainder to apply to the June 30, 1965 and May 7, 1974 money judgments. We disagree, finding that this reasoning was rejected in Davis *581 v. Contorno, 234 So.2d 470 (La.App. 1 Cir. 1970).[1]
LSA-R.S. 13:3881 and 13:3928 were read together and construed in Davis v. Contorno, 234 So.2d 470 (La.App. 1 Cir. 1970). The first cited statute provides that 75% (the exemption was 80% at the time Davis was tried) of a debtor's "disposable earnings" shall be exempt from seizure. The second section provides that a judgment for child support primes and enjoys priority in enforcement over other judgments of garnishment previously or subsequently rendered.
The court in Davis found the purpose of 13:3928 was "to encourage fathers to support their children by exempting the sum of child support from garnishment pursuant to Section 3881, above. By this, we mean that the amount of child support payments is deducted from the father's income and 20% (now 25%) of the balance then remains available for garnishment. This, in our opinion, reconciles and gives effect to the provisions of Sections 3881 and 3928, above." Davis v. Contorno, supra, 234 So.2d at 474. We subscribe to this conclusion.
It is the father's duty and obligation to meet the burden of child support promptly when such payments are due. The interest and welfare of the children require at least this much contribution on his part. His past failure in this respect may not serve as a legal excuse to avoid altogether or further delay payment of accrued unpaid child support. Davis v. Contorno, supra, 234 So.2d at 475.
Applying the above rules (and the 1972 amendment to LSA-R.S. 13:3881), effective October 18, 1974 defendant's nonexempt wages subject to garnishment is computed in this manner. Subtract defendant's current child support of $65 from his disposable monthly earnings (as defined in LSA-R.S. 13:3881) and multiply the remaining amount by 25%. In no event, however, shall this garnishment infringe upon a minimum of $70 per week, which shall always be exempt.[2]
The record indicates defendant does not understand his monthly obligations. He is obliged 1) to pay off the June 30, 1965 and May 7, 1974 money judgments through the existing garnishment of his wages, as amended by this decree, and 2) in addition thereto, to pay the $65 monthly child support pursuant to the May 7, 1974 judgment.
Father's only recourse is to seek a reduction in the child support payments. If the father ignores his continuing child support obligation, mother's remedy (in addition to *582 the relief available in the civil court) lies with the criminal courts under LSA-R.S. 14:74 et seq.
We reverse and set aside the judgment dismissing plaintiff's rule to make executory past due child support payments which accrued from May 7, 1974 through October 18, 1974. For this, judgment is rendered in favor of Zelina Theriot and against Clifton Melancon in the amount of $445.00 together with legal interest until paid.
Effective October 18, 1974, the June 10, 1974 garnishment judgment is amended to direct garnishee, City of Lafayette, to continue its compliance with the June 10, 1974 garnishment judgment subject to this modification: garnishee is to subtract defendant's $65 monthly child support payment from defendant's monthly "disposable earnings" prior to calculating the 75% wage exemption pursuant to LSA-R.S. 13:3881.
Costs of this appeal are to be paid by defendant appellee.
Reversed and rendered in part; and in part, amended and affirmed.
NOTES
[1] "Disposable earnings" is defined in LSA-R.S. 13:3881 to mean that part of an individual's earnings remaining after deducting the amounts required by law to be withheld. The following hypothet is provided to demonstrate the trial court's reasoning. [NOTE: The figures and computations in this hypothet are for illustrative purposes only.]

Assume gross weekly earnings of $150; weekly Federal and State tax withholdings of $20; weekly F.I.C.A. withholdings of $10; and $15 weekly child support to comply with a court order.
To arrive at "disposable earnings" of $120 per week, the trial court subtracted $20 (taxes w/h) and $10 (F.I.C.A. w/h) from the $150 gross weekly earnings. The court then took 25% (LSA-R.S. 13:3881) of the $120 ("disposable earnings") to find that $30 per week was subject to garnishment. Of this $30, the trial judge applied the first $15 to weekly child support payments and the remaining $15 was applied to satisfy the money judgments recognized in the garnishment.
[2] NOTE: The figures and computations in this hypothet are for illustrative purposes only.

To demonstrate the effect of this holding using the facts assumed in the hypothet, we compute "disposable earnings" of $120 per week, by subtracting $20 (taxes w/h) and $10 (F.I.C.A. w/h) from the $150 gross weekly earnings. We then subtract the $15 weekly child support from the $120 (disposable earnings") to arrive at a total of $105. Davis v. Contorno, supra. Take 25% (LSA-R.S. 13:3881) of this $105 to find that $26.25 per week is subject to garnishment. (This means that 75% or $78.75 is exempt from garnishment.) $26.25 per week is applied to the garnishment judgment. This $26.25 does not interfere with father's continuing child support obligation. Father must continue to pay $15/week child support in addition to the $26.25 garnished.