MILLER, Judge.
In this garnishment proceeding, defendant Woodford Dinning appeals the judgment setting his non-exempt wages subject to garnishment at $158 a month and ordering garnishee, Dinning Sales Company, to pay this amount to apply to a $23,000 judgment in favor of plaintiff Betty Hastings. We affirm.
For other aspects of this case, see Hastings v. Dinning, 308 So.2d 451 (La.App. 3 Cir. 1975), where we affirmed the trial court judgment making executory plaintiff’s $23,000 in past due child support. Through this garnishment proceeding plaintiff seeks to collect that money judgment.
Dinning is a cookware salesman employed by garnishee Dinning Sales Company. His brother owns the company and defendant serves as its president. Defendant is paid a weekly salary of $100, and his present wife works for the company and receives a weekly salary of $100. In addition to his salary, defendant receives the following compensation for his services: 1) his $230.50 monthly note on his house is paid by the corporation; 2) $500 of his monthly household expenses are paid by the corporation; 3) $250 of his monthly insurance premiums are paid by the corporation; and 4) he is furnished use of an automobile by the corporation.
Defendant contends that only his $100 weekly salary is subject to garnishment, and that after the deductions required by law (withholding tax and FICA), his “disposable earnings” (under LSA-R.S. 13:3881) are but $79 per week. Defendant argues that $70 a week is exempt and therefore the monthly garnishment should be reduced to $36.
The evidence establishes defendant’s monthly compensation to be substantially more than his $400 monthly salary. Payment by the corporation of some $900 of his monthly expenses (in addition to his salary) supports the trial court’s *746 conclusion that Dinning’s earnings were sufficient to support the $158 monthly garnishment. Furthermore, the wife’s earnings are subject to the husband’s creditor’s rights. LSA-C.C. arts. 3182 and 3183. Creech v. Capitol Mack, Inc., 287 So.2d 497 (La.1973).
The patrimony of a debtor is the totality of his assets and liabilities which are susceptible of pecuniary evaluation. As a practical matter, the debtors patrimony consists of assets which are subject to execution for the benefit of a creditor. Creech v. Capitol Mack, Inc., supra; 2 A. Yiannopoulos, Louisiana Civil Law Treatise § 78 (1967).
There is no error in the trial court judgment fixing defendant’s non-exempt wages subject to garnishment at $158 a month. If anything, this amount is lower than permitted under LSA-R.S. 13:3881. We do not consider this issue since plaintiff has neither appealed nor answered defendant’s appeal.
Defendant cites White v. Klein, 263 So.2d 496 (La.App. 1 Cir. 1972) for the proposition that only the husband’s half interest in the community is subject to garnishment. That case followed the holding in Fazzio v. Krieger, 226 La. 511, 76 So.2d 713 (1954). To the extent that Fazzio v. Krieger limits husband’s an-tenuptial creditor’s claim to husband’s half interest in the community, it was specifically overruled in Creech v. Capitol Mack, Inc., supra (at 287 So.2d 510).
The trial court judgment is affirmed at defendant’s costs.
Affirmed.
DOMENGEAUX, J., concurs and assigns written reasons.