GUIDRY, Judge.
The sole issue on this appeal is whether a garnishment of a father’s wages instituted to enforce a judgment for past due child support payments primes and takes precedence in enforcement over a prior existing garnishment instituted to enforce a judgment for an unpaid debt on a promissory note. The trial court held that under the provisions of LSA-R.S. 13:3928[1] the latter *185 garnishment is subordinate to and is ranked behind the garnishment for child support arrearages. From this judgment the subordinated garnisher, Natchitoches Collections, Inc., appeals. We affirm.
Plaintiff, De Anna B. Shannon, obtained a judgment of separation from her husband, Wilkin Shannon, on June 15, 1978. The judgment awarded plaintiff custody of the minor child of the marriage and ordered Wilkin Shannon to pay child support in the sum of $300.00 per month.
On August 12, 1979, the plaintiff wife obtained judgment in the 11th Judicial District Court in Sabine Parish, Louisiana, making executory past due child support payments totalling the sum of $2,930.00 and awarding attorney’s fees in the sum of $1500.00.
On August 13, 1979, plaintiff filed a rule in the 10th Judicial District Court, Natchi-toches Parish, Louisiana, requesting that the August 12th Sabine Parish judgment be recognized and made executory in Natchi-toches Parish. Plaintiff also demanded that a writ of fi. fa. be issued and that Western Kraft, Inc., Wilkin Shannon’s employer, be cited as garnishee and ordered to answer interrogatories.
Western Kraft, Inc. answered the interrogatories and informed plaintiff that Wil-kin Shannon’s wages were under garnishment by Termplan Financing of Shreveport, Inc.; Natchitoches Collections, Inc.; and Credit Thrift of America. Following receipt of the answers, plaintiff, contending that her garnishment should be ranked superior to the pre-existing garnishments, filed the instant rule to rank garnishments. Termplan Financing of Shreveport, Inc., entered a consent judgment stipulating that plaintiff’s garnishment be ranked superior to its garnishment. Following a hearing on the rule, the trial judge rendered judgment ranking the garnishment held by Natchi-toches Collections, Inc. inferior to the garnishment held by plaintiff.[2]
Generally a garnishment of wages prior in time is superior to any subsequent such garnishment and the latter garnishment does not take effect until the former is satisfied. LSA-R.S. 13:3922; see also Grand v. Kado, 279 So.2d 811 (La.App. 1st Cir. 1973). A statutory exception to this general rule is provided for in LSA-R.S. 13:3928. The clear and unambiguous terms of the latter article provide that the enforcement of a judgment for child support primes any garnishment of the father’s wages, be it pre-existing or otherwise.
Appellant contends that once the claim for unpaid support is rendered executory by its conversion to a judgment for a sum certain, it is no longer an order, judgment or decree for child support, but merely an executory judgment enjoying no special rank or privilege. In support of this proposition appellant refers us to Davis v. Contorno, 234 So.2d 470 (La.App. 1st Cir. 1979).
The court in Davis, supra, was concerned with the question of what constitutes the wage base for the calculation of the non-exempt percentage of wages subject to garnishment as provided in LSA-R.S. 13:3881[3] *186 where the father was paying current child support payments as well as having his wages garnished for support payments in arrears. The Davis court construed LSA-R.S. 13:3881 in pari materia with LSA-R.S. 13:3928 concluding that the amount of wages garnishable were to be calculated by first deducting the amount of current child support payments from the father’s disposable income and then calculating the non-exempt percentage as provided by LSA-R.S. 13:3881 from the balance. We subscribed to this latter method in Theriot v. Melancon, 311 So.2d 578 (La.App. 3rd Cir. 1975), but in Theriot, as well as in Davis, there was no question of the ranking of competing garnishments of the father’s wages. The court in Davis, supra, at 474, specifically noted that the executory judgment for past due child support being enforced by the wife was not in competition with some other judgment for enforcement purposes. Yet in spite of the absence of a ranking issue in Davis the court, in dicta, offered the following interpretation of LSA-R.S. 13:3928, upon which appellant relies:

. . It appears that Section 3928, above, confers priority and preference upon ‘Any judgment, decree, order or sentence of court, whether in a civil or criminal case, by which a father is ordered to pay for the support of a child or children * * *’ Statutes in derogation of common rights, such as those creating liens and privileges, are to be strictly construed and not to be extended by implication or through considerations of equity. State ex rel. Maitrejean v. Demarest. 229 La. 300, 85 So.2d 522. Section 3928, being in derogation of common rights insofar as it creates a priority for payment of child support, must be strictly construed. On this basis, we hold that the provisions of Section 3928 apply only to orders of child support as such. It follows that Section 3928, above, does not apply and give enforcement preference to a judgment which renders executory a claim for past due and unpaid child support. Once the claim for unpaid support is rendered executory by conversion to judgment for a sum certain, it is not an order, judgment or decree for child support. It is merely an execu tory judgmen t enjoying no special rank or privilege.”

The underlying premise in Davis, supra, i. e., that the conversion of past due and unpaid child support payments into a judgment for a sum certain somehow alters the character of the obligation into a “merely an executory judgment enjoying no special rank or privilege,” was later explained by the same court who announced it. In White v. Kleine, 263 So.2d 496, at 498 (La. App. 1st Cir. 1972) the court announced that the dicta in Davis, supra, was not intended to intimate that the character of child support payments is changed from an obligation or duty to a mere money debt simply because they have been reduced to an exec-utory judgment in order to facilitate collection thereof. This latter statement of the First Circuit presumably negates any validity of the previous conclusion in Davis, supra, as to the inapplicability of LSA-R.S. 13:3928 to give enforcement preference to a judgment which renders executory a claim for past due and unpaid child support payments.
However, in any event, we construe LSA-R.S. 13:3928 to be primarily concerned with and applicable to a situation where a proper party seeks to enforce the collection of child support payments due and not paid and there are competing judgment creditors seeking to garnish the father’s wages. By the plain terms of said article the enforcement of the judgment for child support would take preference over the competing garnishments. That LSA-R.S. 13:3928 may serve a secondary function when construed in pari materia with LSA-R.S. 13:3881, as in Davis and Theriot, we need not comment on as the question present in those cases is not presently before us. We conclude that LSA-R.S. 13:3928 is applicable in the instant case and that the trial court was eminently correct in ranking plaintiff’s garnishment ahead of appellant’s.
*187 For the above and foregoing reasons the judgment of the trial court is affirmed at appellant’s cost.
AFFIRMED.

. LSA-R.S. 13:3928 provides as follows:
“Any judgment, decree, order or sentence of court, whether in a criminal or civil case, by which a father is ordered to pay for the support of a child or children, shall prime and take precedence and priority in enforcement, over *185 any judgments of garnishments, orders of garnishments or writs of garnishment already rendered or later rendered for the garnishment of the father’s wages.”

. The disposition of the garnishment held by Credit Thrift of America is not reflected in the record, however, in plaintiff’s brief it is asserted that pending the hearing on the rule one of the prior garnishments was paid in full and cancelled. Apparently this assertion refers to Credit Thrift, however, the outcome of the instant suit would not be changed if it were otherwise.

. LSA-R.S. 13:3881, as amended, provides in pertinent part as follows:
“A. The following income or property of a debtor is exempt from seizure under any writ, mandate, or process whatsoever:
(1) Seventy-five per centum of his disposable earnings for any week, but in no case shall this exemption be less than an amount in disposable earnings which is equal to thirty times the federal minimum hourly wage in effect at the time the earnings are payable or a multiple or fraction thereof according to whether the employee’s pay period is greater or lesser than one week. The term ‘disposable earnings’ means *186 that part of the earnings of any individual remaining after the deduction from those earnings of any amounts required by law to be withheld. . .