MAX N. TOBIAS, JR., Judge.
11 This appeal presents the issue of the appropriate method by which to satisfy competing child support arrearage judgments, an’issue that is res nova in this circuit. For the following reasons, we affirm the judgment of the trial court.
Glenda McKinley English (“Mrs.English”) and her husband Ernest James English, Jr. (“Mr.English”), were divorced on or about 11 March 1998; two children were born of the marriage. In connection therein, Mrs. English sued her former husband for child support and thereafter, for continued support and arrearages. After three years of litigation, Mrs. English was awarded support, a wage assignment, and a money judgment for arrearages on 3 December 1997. The wage assignment was in the amount of approximately $4,000.00 per month. Subsequent judgments for arrearages were awarded to Mrs. English in the years that followed. Ultimately, Mrs. English voluntarily agreed to reduce the support obligation due her to $1,200.00 per month on 17 December 2003.
After Mr. English was already paying support to Mrs. English, he was sued for child support by the State of Louisiana, Department of Social Services (“the State”), representing Mr. English’s girl *806 friend, Dana French, with whom he had a child. The portion of Mr. English’s wages subject to garnishment was sufficient to 13pay the current monthly child support obligations of both Mrs. English and Ms. French with money to spare. Ms. French was also granted a judgment for arrearag-es against Mr. English.
On 7 March 2005, Mrs. English filed a rule to show cause to rank the arrearage judgments, naming Mr. English’s employer, Blanchard & Company, Inc. (“Blanchard”), and the state, on behalf of Ms. French, as defendants-in-rule. The State filed an answer and peremptory exceptions of no cause of action and no right of action, arguing that it could not be made a party to the proceeding between Mr. and Mrs. English. In addition, the state requested costs and attorney’s fees for the filing of a frivolous pleading.
A hearing was held on 18 April 2005. On 13 July 2005, the trial court rendered judgment, denying the state’s peremptory exceptions and request for fees and costs. In addition, the court held:
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Glenda McKinley English and the State of Louisiana, on behalf of Dana French shall continue to receive current child support as per current child support judgments.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the ar-rearages owed by Ernest English to Glenda McKinley English and the State, if any, shall be paid from Ernest English’s non-exempt remaining disposable income on a pro-rata basis.
It is from this judgment that the state appeals.
The State sets forth four assignments of error. First, the State contends that the trial court erred in denying its exceptions of no cause of action and no right of action. Next, the State argues that the law protects the State’s right to prime any Department of Social Services case for child support. The State further asserts that the trial court erred by even considering Mrs. English’s rule because she has not | -¡experienced any harm or injury by the State’s actions. Finally, the State disputes the trial court’s decision to deny its claim for costs and attorney’s fees.
First, we find no merit in the State’s contention that the trial court erroneously denied its exceptions of no cause of action and no right of action. Ms. English filed a rule to determine the appropriate payment of support and arrears in light of the two competing child support judgments for arrearages. In order to make a binding decision, it was necessary for all interested parties to be subject to the jurisdiction of the court. This would then include not only Ms. French, but also Mr. English’s employer, the entity that is charged with garnishing his wages. See La. C.C.P. art. 641.
La. R.S. 13:3928 states:
In any criminal or civil matter, a judgment, decree, order, or sentence of court, or a sale, transfer, or assignment of earnings by which a person is obligated to pay for the current or past due support, or both, of a child or children, or of a parent of a child or children if the Department of Social Services is providing support enforcement services to the parent, shall prime in enforcement any prior or subsequent judgment, decree, order, or sentence of court, or sale, transfer, or assignment of earnings, and shall be satisfied out of the nonexempt portion of disposable earnings.
We interpret this statute to mean any decree or judgment for child support will prime any other money judgment that is not for child support. That situation is not present in the instant case.
*807 The second, and more specific, La. R.S. 46:236.3 states in pertinent part:
B. (1) Upon entry of any court order for the establishment or modification of support, the court shall order an immediate income assignment, which shall be effectuated immediately by providing a written notice to the payor or payors of income, unless there is a written 1 ¿agreement between the parties or the court finds good cause not to require immediate income assignment. This income assignment may be effectuated by providing a written notice to any payor or payors of income, advising the payor to withhold an amount for current support, plus an additional amount, to be determined by the obligee, toward any arrearage.
[[Image here]]
(5) When two or more orders to withhold income for support are received, the orders shall be prorated; however, the total amount withheld for all support orders shall not exceed the percentage of disposable earnings subject to seizure as defined in R.S. 13:3881[1] for the payment of a support obligation. If there are insufficient funds available to satisfy all orders, the orders for current support shall be given priority on a prorata basis. [Emphasis added.]
Admittedly, paragraph E(5) applies to current support orders. There is no statutory authority or case on point in this circuit that discusses the payment of arrears when there are two competing judgments. We note, however, that in Davis v. Contorno, 234 So.2d 470, 474 (La.App. 1 Cir.1970), the court held:
It appears that Section 3928, above, confers priority and preference upon “Any judgment, decree, order or sentence of court, whether in a civil or criminal case, by which a father is ordered to pay for the support of a child or children ...” Statutes in derogation of common rights, such as those creating liens and privileges, are to be strictly construed and not to be extended by implication or through considerations of equity. State ex rel. Maitrejean v. Demarest, 229 La. 300, 85 So.2d 522. Section 3928, being in derogation of common rights insofar as it creates a priority for payment of child support, must be strictly construed. On this basis, we hold that the provisions of Section 3928 apply only to orders of child support as such. It follows that Section L3928, above, does not apply and give enforcement preference to a judgment which renders executory a claim for past due and unpaid child support. Once the claim for unpaid support is rendered executory by conversion to judgment for a sum certain, it is not an order, judgment or decree for child support. It is merely an executory judgment enjoying no special rank or privilege. Here, however, the executory judgment being enforced by the wife is not in competition with some other judgment for enforcement purposes; it is the sole and only judgment being enforced against defendant by garnishment proceedings.[2]
*808 In the instant matter, both Ms. English and Ms. French have made their past due child support orders executory and, because both judgments are for child support, we find Davis inapplicable to the instant matter. In light of the absence of controlling, or even persuasive, authority on the issue, we find that the trial court, in declining to rank the arrearage judgments, applied an equitable formula to provide for their payment. We find that the judgment of the trial court takes into account the best interests of all the children fathered by Mr. English. Thus, this assignment of error is without merit.
| ^Finally, the State argues that it is entitled to costs and attorney’s fees based on the theory that the rule to show cause filed by Ms. English was frivolous. Since the judgment rendered by the trial court was in favor of Ms. English, a result we affirm on appeal, this assignment of error is without merit as well.
Consequently, we affirm the judgment of the trial court.

AFFIRMED.

. La. R.S. 13:3881 provides in pertinent part: The exemption from disposable earnings for the payment of a current or past due support obligation, or both, for a child or children is fifty percent of disposable earnings, and the exemption from seizure of the disposable earnings for the payment of a current or past due support obligation, or both, for a spouse or former spouse is sixty percent of the disposable earnings,

. In White v. Klein, 263 So.2d 496, 498 (La. App. 1 Cir.), writ denied, 262 La. 1097, 266 So.2d 223 (1972), the First Circuit clarified Davis as follows:
*808 In the Davis case, the defendant husband was making child support payments under a URESA order, and there was an executo-ry judgment against him for arrearages of child support. The wife had instituted garnishment proceedings against him to enforce collection of the latter judgment. Our holding in that case was to the effect that the provisions of R.S. 13:3829[sic], which gives priority to child support payments over judgments of garnishment, do not apply to executory judgments for arrearages of child support. It was not intended by the above quoted language to intimate that the character of child support payments is changed from an obligation or duty to a debt simply because they have been reduced to an executory judgment in order to facilitate collection thereof.
Neither do we believe that child support payments can be deprived of their status as an obligation or duty because they arose and were reduced to an executory judgment prior to the remarriage of the husband and the establishment of the community.