**NOT DESIGNATED FOR PUBLICATION**

STATE OF LOUISIANA
COURT OF APPEAL
FIRST CIRCUIT

2019 CA 0854

STATE OF LOUISIANA

VERSUS

KEE FOOD, INC., KASSIM NAGI, TAWFIQ ALI ALMANSOOB,
MOHAMED NAGI, AND SOUTHLA, LLC

Judgment rendered **MAY 2 8 2020**

* * * * *

On Appeal from the
Thirty-Second Judicial District Court
In and for the Parish of Terrebonne
State of Louisiana
No. 170587, Div. "D"

The Honorable David W. Arceneaux, Judge Presiding

* * * * *

Joe Waitz
District Attorney
Jason P. Lyons
Assistant District Attorney
Houma, Louisiana

Attorneys for Plaintiff/Appellee
State of Louisiana

William F. Dodd
Houma, Louisiana

Attorney for Plaintiff/Appellee
Terrebonne Parish Sheriff's Office

Mark D. Plaisance
Prairieville, LA

Attorney for Defendants/Appellees
Kee Food, Inc., Kassim Nagi, Tawfiq
Ali Almansoob, Mohamed Nagi, and
SOUTHLA, LLC

Marcus J. Plaisance
Mark D. Plaisance
Prairieville, LA

Attorney for and Pro Se/Appellant

Barron M. Whipple
Houma, Louisiana

Attorney for Defendant/Appellee
Tawfiq Ali Almansoob

J. Rene Williams
Houma, Louisiana

Attorney for Defendant/Appellee
Kassim Nagi

Welch, J. concurs without reasons

McClendon, concurs w/ reasons

James R. Austin  
Thomas G. Hessburg  
Baton Rouge, Louisiana

Attorneys for Defendant/Appellee  
Pedestal Bank (formerly Coastal  
Commerce Bank)

* * * * *

**BEFORE: McCLENDON, WELCH, AND HOLDRIDGE, JJ.**

**HOLDRIDGE, J.**

In this forfeiture proceeding, counsel for the defendants appeals the dismissal of his motion for attorney's fees and ranking. Finding no error, we affirm.

**FACTS AND PROCEDURAL HISTORY**

On September 20, 2013, pursuant to The Seizure and Controlled Dangerous Substances Property Forfeiture Act, La. R.S. 40:2601-2622 ("the Act"), the State of Louisiana ("the State") filed a petition for forfeiture in personam against a convenience store, Kee Food, Inc. ("Kee Food"); its operators and an owner and potential owner, respectively, Tawfiq Ali Almansoob ("Tawfiq") and Kassim Nagi ("Kassim"); Kassim's father and another owner and operator, Mohamed Nagi ("Mohamed"); the limited liability company that owned the premises from which Kee Food operated its store, Southla, LLC ("Southla"); and other in rem defendants. Tawfiq and Kassim were arrested in June of 2013 as part of an investigation into the sale of synthetic cannabinoids on the premises of Kee Food from 2011 until 2013. The State seized various amounts of cash and funds from multiple bank accounts related to Kee Food. Additionally, a constructive seizure of the premises was perfected by the State filing a lien in the Terrebonne Parish Public Records.

After certain pretrial proceedings, the State filed a motion for summary judgment, which the trial court granted and entered a judgment forfeiting the funds and property at issue to the State.[1] This judgment was the subject of an earlier appeal filed by Kee Food, Kassim, Mohammed, and Southla. **State v. Kee Food, Inc.**, 2017-0127 (La. App. 1 Cir. 9/21/17), 232 So.3d 29, 30-32, writ denied, 2017-

---

[1] The State did not move for summary judgment as to Tawfiq.

3

1780 (La. 12/5/17), 231 So.3d 632. In the prior appeal, this court affirmed the forfeitures from Kassim's account and safety deposit box at Coastal Commerce Bank. **Id**. at 35. This court annulled those portions of the judgment forfeiting money to the State that was in the name of or owned by Mohamed, Kee Food, or Southla, LLC, due to improper service of the petition on those parties. **Id**.[2]

Following the first appeal, counsel for the defendants ("counsel") in the first appeal filed a "MOTION FOR ATTORNEY'S FEES & RANKING" in the trial court on September 17, 2018. The motion was based on his contract with all of the defendants that stated that he would be paid an initial fee of $15,000, and "should this matter be reversed by the appellate court, [the defendants] agree to pay [counsel] 5% of any amount of the reversed judgment." He alleged that pursuant to his contract and the ranking of liens for attorney's fees under La. R.S. 9:5001, he was entitled to have the court recognize the contract and his claim for attorney's fees and to grant him preference to any seizure by the State; he also sought payment before any seizure by the State. He attached his contract, which was signed on September 22, 2016, and this court's opinion in the prior appeal to his motion.

---

[2] According to the minute entries, a trial was held as to the remaining assets and the defendants Kee Food, Southla, and Mohamed on September 24, 2018 through September 26, 2018. The minute entry of September 26, 2018, states that the trial court granted the forfeiture in favor of the State and against the defendants and all remaining assets. This judgment is on appeal before this court in docket number 2019 CA 0795. The record in this appeal does not contain the judgment reflecting the trial court's ruling in favor of the State, but the record in 2019 CA 0795 contains the judgment signed on October 5, 2018 reflecting the trial court's judgment rendered in court on September 26, 2018. Pursuant to the provision of Uniform Rules of Louisiana Courts of Appeal, Rule 2-1.14, that provides "[a]ny record lodged in this court may, with leave of court, be used, without necessity of duplication, in any other case on appeal or on writ," we have reviewed the judgment in the appellate record in 2019 CA 0795 that was necessary to adequately review the issues raised in this appeal. See **Slaughter v. Board of Sup'rs of Southern University and Agricultural and Mechanical College**, 2010-1114 (La. App. 1 Cir. 8/2/11), 76 So.3d 465, 469 n.5, writ denied, 2011-2112 (La. 1/13/12), 77 So.3d 970.

4

The trial court held a hearing on October 12, 2018, and on November 12, 2018, signed a judgment denying and dismissing with prejudice counsel's motion for attorney's fees and ranking.[3] From this judgment, counsel appeals. On appeal, counsel contends that the trial court erred in failing to award him his attorney's fees and in failing to rank the attorney's fees as a first privilege before granting the State a seizure judgment.

## LAW AND DISCUSSION

Appellate review of questions of law is simply to determine whether the district court was legally correct. **McMillian v. Breen**, 2018-0998 (La. App. 1 Cir. 8/2/19), 282 So.3d 239, 244. Questions of law are reviewed by this court under the *de novo* standard of review. **Id.**

Counsel relies on La. R.S. 9:5001(A) for his claim of privilege, which states:

> A special privilege is hereby granted to attorneys at law for the amount of their professional fees on all judgments obtained by them, and on the property recovered thereby, either as plaintiff or defendant, to take rank as a first privilege thereon superior to all other privileges and security interests under Chapter 9 of the Louisiana Commercial Laws.

This statute concerning a privilege for attorney's fees must be considered with the statutes in the Act, La. R.S. 40:2601-2622, and particularly, La. R.S. 40:2615(B), which states:

> After final disposition of all claims timely filed in an action in rem, or after final judgment and disposition of all claims timely filed in an action in personam, the court shall enter an order that the state has clear title to the forfeited property interest. **Title to the forfeited property interest and its proceeds shall be deemed to have vested in the state on the commission of the conduct giving rise to the forfeiture under this Chapter.**

(Emphasis added).

---

[3] Counsel stated that the trial court's ruling on his claim resolved any matters under the docket number and asked the trial court to state for the record that it deemed the judgment to be a final judgment. The trial court stated that the judgment was a final judgment which was appealable.

5

The trial court issued oral reasons for judgment wherein it stated that when this court reversed the trial court's judgment in the earlier appeal, the defendants did not recover their property because it continued to be seized by the State. The trial court determined that La. R.S. 40:2615(B) controlled in these proceedings because La. R.S. 9:5001, the attorney's fee statute, was general and La. R.S. 40:2615 was specifically for these forfeiture proceedings. The trial court found that pursuant to La. R.S. 40:2615(B), title to the property vested in the State at the time of the commission of the conduct that gave rise to the seizure, which occurred before counsel was retained. The trial court stated that it would be contrary to the statutory scheme of privileges to allow a former owner to create a lien against property that the owner no longer owned at the time he created the lien. The trial court denied counsel's claim to any part of the property or proceeds seized by the State.

Using well-recognized rules of statutory construction, "statutes in derogation of common rights, such as those creating liens and privileges, are to be strictly construed and are not to be extended by implication or through considerations of equity." **State ex rel. Maitrejean v. Demarest**, 229 La. 300, 303, 85 So.2d 522, 523 (1956). "When a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written and no further interpretation may be made in search of the intent of the legislature." La. C.C. art. 9. The interpretation of any statute begins with the language of the statute itself. **M.J. Farms, Ltd. v. Exxon Mobil Corp.**, 2007-2371 (La. 7/1/08), 998 So.2d 16, 27. If there is a conflict between two statutes that deal with the same subject matter, the statute specifically directed to the matter at issue prevails over a more general statute. **Howard v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa.**, 2017-

1221 (La. App. 1 Cir. 2/16/18), 243 So.3d 4, 8, <u>writ denied sub nom.</u> **Howard v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA**, 2018-0435 (La. 5/11/18), 241 So.3d 1017.

In addition to La. R.S. 9:5001, counsel also relies on La. R.S. 37:218(A), which states in pertinent part:

> By written contract signed by his client, an attorney at law may acquire as his fee an interest in the subject matter of a suit, proposed suit, or claim in the assertion, prosecution, or defense of which he is employed, whether the claim or suit be for money or for property. **Such interest shall be a special privilege to take rank as a first privilege thereon, superior to all other privileges and security interests under Chapter 9 of the Louisiana Commercial laws.**

(Emphasis added.)

This court has stated that an attorney's interest pursuant to La. R.S. 37:218(A) is not an ownership interest in the suit or claim. <u>See</u> **Saucier v. Hayes Dairy Products, Inc.**, 373 So.2d 102, 117 (La. 1978) (on rehearing); **Dodson & Hooks, APLC v. Louisiana Cmty. Dev. Capital Fund, Inc.**, 2018-1784 (La. App. 1 Cir. 12/18/19), _____ So.3d ___, ____. Louisiana Revised Statutes 9:5001 and 37:215 both refer to attorney's fees as a "privilege" taking first rank over "other privileges or security interests under Chapter 9 of the Louisiana Commercial laws." While counsel relies on **Dodson & Hooks, APLC v. Louisiana Cmty. Dev. Capital Fund, Inc.**, 2017-0563 (La. App. 1 Cir. 7/10/17), 2017 WL 2929555, at *1 (unpublished), <u>writ denied</u>, 2017-1374 (La. 11/6/17), 229 So.3d 474, and **Succession of LaRue**, 2016-1146, 2016-1147 (La. App. 1 Cir. 7/20/17), 2017 WL 3083666, at *9 (unpublished), to support his contention that his claim outranks the State's, those cases do not involve drug asset forfeitures under the Act. **Dodson & Hooks** involves an attorney's fee privilege under La. R.S. 37:218 as compared to an after-acquired judicial mortgage, and **LaRue** involves a legatee's claim for

7

attorney's fees as a debt of the succession under La. R.S. 9:5001 as compared with claims by seizing creditors.

The State does not have a privilege or security interest under Chapter 9 of the Louisiana Commercial laws, which include La. R.S. 10:9-101-9-809, but is the owner of the property. Louisiana Revised Statutes 40:2615(B) provides that title to the forfeited property interest and its process vests in the State on the commission of the conduct giving rise to the forfeiture under the Act. Louisiana Revised Statutes 40:2603(1) and (3) provides in pertinent part that conduct giving rise to forfeiture under the Act includes "[a]n act or omission punishable by confinement for more than one year under R.S. 40:961 et seq. whether or not there is a prosecution or conviction related to the act or omission" and "[a]ny act or omission committed in furtherance of any violation of R.S. 40:961 et seq. which is punishable by confinement with or without hard labor, including any inchoate or preparatory offense, regardless of whether there is a prosecution or conviction related to the act or omission." The conduct giving rise to forfeiture in this case was multiple drug buys between 2012 and 2013.[4] Specifically, the narcotics division of the Terrebonne sheriff's office conducted one controlled drug buy from the convenience store owned by the defendants in 2012 and seven controlled purchases in 2013. The judgment of forfeiture was issued on August 23, 2016. This judgment had the effect of granting the State ownership of the seized assets retroactively to 2012 and 2013. The contract of employment between the

---

[4] Attached to the forfeiture petition is Appendix A wherein an agent from the Terrebonne Parish Narcotics Task Force executed search warrants on the defendants on June 26, 2013. The agent stated that the defendants' activity was a violation of La. R.S. 15:1351 (racketeering), La. R.S. 14:230 (money laundering), La. R.S. 40:1041 (illegal proceeds), La. R.S. 40:966(A) (distribution CDS I), La. R.S. 40:981.1 (violation of a drug free zone), and La. R.S. 40:2603.C (failure to possess a drug tax stamp). Their actions constituted acts giving rise to forfeiture under the Act.

defendant and counsel was not signed until 2016, after the State had ownership of the assets.

The Act provides procedures for an owner or interest holder to preserve his interest in the property. He must file a claim following the provisions under La. R.S. 40:2610. Louisiana Revised Statutes 40:2616(A)(1) states that when property is forfeited under the Act, the district attorney shall authorize a public sale or public auction sale, conducted by a licensed auctioneer of any property that is not required by law to be destroyed and which is not harmful to the public. The proceeds of a sale shall be deposited in the Special Asset Forfeiture Fund, and money in the fund is distributed first to satisfy any bona fide security interest or lien, and then according to La. R.S. 40:2616(B). See La. R.S. 40:2616(B)(1).

## CONCLUSION

For the above and foregoing reasons, we affirm the November 12, 2018 judgment denying and dismissing with prejudice the motion for attorney's fees and ranking filed by Mark D. Plaisance. Costs of this appeal are assessed against Mark D. Plaisance.

**AFFIRMED.**

# STATE OF LOUISIANA

## COURT OF APPEAL

## FIRST CIRCUIT

## 2019 CA 0854

## STATE OF LOUISIANA

## VERSUS

## KEE FOOD, INC., KASSIM NAGI, TAWFIQ ALI ALMANSOOB, MOHAMED NAGI, AND SOUTHLA, LLC

**************************************************

**McClendon, J., concurring.**

I find that La. R.S. 9:5001(A) does not provide for an attorney's fees privilege under the facts of this case. Herein, counsel obtained no judgment and recovered no property as required to establish a privilege pursuant to La. R.S. 9:5001(A). As noted by the majority, on an earlier appeal this court determined that service was not made upon counsel's clients as required by law and remanded the matter to the trial court. Upon remand, the trial court granted the forfeiture in favor of the State. Therefore, counsel's clients never recovered the property. I would affirm the judgment of the trial court on this basis.